JOHN HAILE, *Petitioner*, v. W. S. BULLOCK, AS JUDGE, ETC. *et al., Respondents.*

Opinion Filed April 21, 1922.

Where upon a charge that the accused "did unlawfully have in his possession certain intoxicating liquor," it appears from a duly authenticated bill of exceptions which is by statute made a part of the record, that the trial court instructed the jury as to the law under a State statute that has been modified and superseded by an Act of Congress having author-

ity in the premises, and sustained a verdict of guilty predicated upon evidence obtained by an unlawful search and seizure by officers, and there was no evidence as to essential elements of the offense charged, and a judgment of conviction is affirmed by an intermediate appellate court, such judgment and its affirmance being the result of judicial proceedings that are contrary to the essential requirements of the law, and necessarily harmful to the accused, may be quashed upon writ of certiorari in appropriate proceedings duly taken for that purpose.

A Case of Original Jurisdiction.

Judgment Quashed.

*Robert E. Davis,* for Petitioner.

*Rivers H. Buford,* Attorney General, *J. B. Gaines,* Assistant Attorney General, and *L. N. Green,* Prosecuting Attorney for Marion County, for Respondents.

WHITFIELD, J.—A petition filed in this court praying for a writ of certiorari to quash a judgment, alleges that John Haile was tried in the County Judge's Court of Marion County upon an affidavit and warrant charging that he, in said county, on April 17, 1920. "did unlawfully have in his possession certain intoxicating liquor, contrary to the statute," etc.; that he was convicted and by judgment sentenced to imprisonment and to pay a fine and costs; that the judgment of conviction was on appeal affirmed by the Circuit Court; that the conviction is erroneous and void because:

"1. No evidence was produced at said trial to sustain the charge against the defendant, and to authorize the verdict of guilty rendered therein.

"2. No evidence was produced proving, or tending to prove that the liquor found in petitioner's house was alcoholic, or intoxicating.

"3. No evidence was produced proving, or tending to prove that the possession by the petitioner of the liquor found in his house was an unlawful possession.

"4. The said County Judge improperly charged the jury as to the law of the case, and improperly advised and charged the jury that the possession of moonshine liquor was prima facie evidence that the possession thereof was unlawful and that such prima facie evidence was sufficient to sustain a conviction unless the petitioner could prove that his possession was lawful.

"5. The said County Judge improperly and erroneously charged the jury, as follows, to-wit:

'1. That where a person is found in the possession of what is commonly called rum or moonshine liquor this is prima facie evidence that he had such possession unlawfully and puts the burden on the defendant to prove that his possession unlawful. By prima facie evidence is meant, is evidence sufficient to convict the defendant, unless the defendant proves that his possession was lawful.

'2. The possession of moonshine liquor by the defendant, in this case I believe, is not disputed by the defendant, then unless the defendant proves to you that his possession was lawful, that is unless he proves to you that he obtained his possession of this liquor prior to August 7th, 1919, and that he had (not exceeding four quarts) in his own private residence for the use of himself or his family and not to be disposed of to any person in any way, or unless his proof raises a reasonable doubt in your mind of his guilt, then you should find the defendant guilty.

''6.   It is shown by the affidavit, warrant and the evidence contained in the bill of exceptions that the house of the petitioner was searched by officers and other persons in the night time without any search warrant authorizing the same, and that all evidence tending to prove that the petitioner had liquor of any kind or character, was that given by the officers and other persons who searched the petitioner's home, which testimony consists of statements of what he, or they said, or found as the result of such illegal search; all of which evidence was obtained, and subsequently given in Court in violation of Section 22, Declaration of Rights, Florida Constitution.''

A Writ of certiorari was issued by this court.   The question to be determined is whether the writ of certiorari or the judgment of conviction should be quashed.   State *ex rel.* Lanier v. County Commissioners of Sumter County, 19 Fla. 518, text 523; Harrison v. Frink, 75 Fla. 22, 77 South Rep. 663; First Nat. Bank of Gainesville v. Gibbs, 78 Fla. 118, 82 South. Rep. 618.

While a judgment will not, on certiorari, be quashed for mere errors in the proceedings that are not fundamental or manifestly unjust in their nature or material consequences; yet where the trial court did not proceed according to the essential requirements of the law and material injury results therefrom, and the judgment has been affirmed by an intermediate appellate court, relief may in proper cases be had on certiorari, when that writ is allowed in the sound discretion of a superior court.   See Balbontin v. State, 68 Fla. 84, 66 South. Rep. 421.

Habeas corpus is not a proper remedy in such cases. See Haile v. Gardner, 82 Fla. 355, 91 South. Rep. 376, decided at the last term.   While on certiorari only the face of the record may be considered, yet where a bill of except-

ions is duly authenticated and filed in a cause, it becomes, under the statute, a part of the record, and in proper cases may be considered in determining whether the court proceeded according to the essential requirments of the law. Ordinarily questions of the weight and probative force of conflicting testimony may not be considered, and mere errors of procedure that do not obviously prejudice fundamental rights to the material injury of complaining parties, may not cause a judgment to be quashed on certiorari. But serious irregularities or material fundamental errors in applying the law, or the entire absence of essential evidence with resulting material injury, may be ground for quashing a judgment on certiorari in appropriate proceedings duly taken. See Western Union Tel. Co. v. Wright & Co., 79 Fla. 600, 84 South. Rep. 604; 5 R. C. L. 261.

In this case a bill of exceptions was authenicated and filed in the trial court. The statute makes it a part of the record in the cause, and on certiorari the record may be examined to determine whether the court proceeded according to the essential requirements of the law in the trial of the cause and in rendering judgment. It appears that on a charge that the accused "did unlawfully have in his possession certain intoxicating liquor," evidence was adduced that "moonshine liquor" was found in the defendant's private dwelling, and the circumstances testified to justify the inference that the evidence was obtained by an unlawful search and seizure by officers. There was no evidence that the "moonshine liquor" found in the defendant's residence was intoxicating or that it was used for unlawful purposes. The controlling Federal statute expressly permits the possession of intoixcating liquor in one's private dwelling for family use; and "moonshine liquor" is not by statute declared to be "intoxicating" or *prima facie*

"intoxicating." The law does not forbid the possession of "moonshine liquor" except as it may be within the prohibitions as to intoxicating liquors; and this must be considered with reference to the Federal law where such law is paramount.

The State statute provides that the possession "of any quantity of what is commonly called rum or moonshine liquor" shall be deemed "*prima facie* evidence of the violation of" the prohibitions of the statute. But the State provision restricting the quantity of intoxicating liquor that one may possess in his *bona fide* residence for family use, is superseded by the Federal law which expressly permits such possession without restriction as to quantity; and the State law, unlike the Federal statute, does not expressly put upon those having the possession of *intoxicating liquors* in their private dwellings, the burden of proof that such possession is lawful.

Considering the charge against the accused and the nature of the evidence adduced at the trial as to the place of the possession, it is apparent that the proceedings had were not in accord with the essential requirements of the law, in the rulings on the burden of proof, on the admission of evidence and as to the essential elements to be proven to sustain a conviction.

The judgment of the County Judge's Court affirmed by the Circuit Court is quashed.

It is so ordered.

Browne, C. J., and Taylor, Ellis and West, J. J., concur.