AMERICAN RAILWAY EXPRESS COMPANY, A CORPORATION, *Petitioner,* v. S. W. WEATHERFORD,, *Respondent.*

Opinion Filed August 17, 1922.

1. Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the

law, in cases where no direct appellate proceedings are provided by law.

2. The statute makes a bill of exceptions that is duly prepared, authorized and filed, a part of the record in a cause; and on certiorari the entire record including that of any matters duly presented by the bill of exceptions may be reviewed if they show want of jurisdiction or illegality in the proceedings affecting the judgment complained of or if they show the court below did not proceed in the cause according to the essential requirements of the law with a resulting substantial injury to the petitioner in certiorari.

3. A review on certiorari may include substantial errors of procedure that were calculated to materially injure the complaining party; though it does not ordinarily extend to a consideration of the probative force of conflicting testimony, where there is ample, competent and legal evidence to sustain the judgment.

4. In causes originating in the Civil Courts of Record and referred to in Section 3322 Revised General Statutes, 1920, where the probative force of the evidence affects the jurisdiction of the court or where it is so manifestly contrary to the finding that is made on it as to show a palpable abuse of the power to determine the controverted facts on the evidence, or where the finding clearly indicates that the evidence was not duly considered or an erroneous rule of law was observed in making the finding or where there was serious misconduct involved in the finding, and material injury to the petitioner resulted therefrom, the court may in the exercise of its sound discretion consider such matters and take appropriate action thereon in order that the law and justice may prevail.

5. Generally stated, a writ of certiorari may, in the discretion of the court, be issued where it is duly made to appear at least *prima facie* that the record of a lower court shows that the proceedings in a cause have violated established principles of law or that the adjudication in the cause is a palpable miscarriage of justice and that the result is a sub-

stantial injury to the petitioner who has no other remedy and seeks a writ of certiorari.

6. If on final hearing and consideration of the matters that may properly be determined under the writ of certiorari it appears that the proceedings in the lower court were within the jurisdiction of the court and were according to the essential requirements of the law or that no substantial injury reasonably could have resulted to the petitioner from the proceedings complained of, the writ of certiorari may be quashed.

7. Where it appears *prima facie* from the entire record presented in an application for certiorari that the plaintiff's negligence in a substantial manner contributed proximately to the injury for which damages were adjudged against the defendant in the Civil Court of Record, and the judgment has been affirmed on appeal by the Circuit Court, and the case is one in which under the law contributory negligence bars recovery, the Supreme Court may in its discretion issue a writ of certiorari to have the entire record brought up for appropriate review.

Writ issued.

*Kay, Adams & Ragland,* for Petitioner.

WHITFIELD, J.—A petition for a writ of certiorari has been presented, alleging in effect that in an action for damages in the Civil Court of Record of Duval County a judgment was obtained against the petitioner, which judgment was affirmed on appeal to the Circuit Court, and that the courts did not proceed in the cause according to the essential requirements of law in designated particulars, the allegations of the petition being supported by exhibits showing copies of the record of the proceedings in the cause including a bill of exceptions authenticated by the judge of the trial court.

Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. Seaboard Air Line Ry. v. Ray, 52 Fla. 634, 42 South. Rep. 714.

The statute makes a bill of exceptions that is duly prepared authenticated and filed, a part of the record in a cause; and on certiorari the entire record including that of any matters duly presented by the bill of exceptions may be reviewed if they show want of jurisdiction or illegality in the proceedings affecting the judgment complained of or if they show the court below did not proceed in the cause according to the essential requirements of the law with a resulting substantial injury to the petitioner in certiorari. Such a review may include substantial errors of procedure that were calculated to materially injure the complaining party; though it does not ordinarily extend to a consideration of the probative force of conflicting testimony, where there is ample, competent and legal evidence to sustain the judgment. But in causes originating in the Civil Courts of Record and referred to in Section 3322 Revised General Statutes, 1920, where the probative force of the evidence affects the jurisdiction of the court or where it is so manifestly contrary to the finding that is made on it as to show a palpable abuse of the power to determine the controverted facts on the evidence, or where the finding clearly indicates that the evidence was not duly considered or an erroneous rule of law was observed in making the find-

ing or where there was serious misconduct involved in the finding, and material injury resulted to the petitioner therefrom, the court may in the exercise of its sound discretion consider such matters and take appropriate action thereon in order that the law and justice may prevail. See Harrison v. Frink, 75 Fla., 22, 77 South. Rep. 663; 78 Fla. 118, 82 South Rep. 618.

Generally stated, a writ of certiorari may, in the discretion of the court, be issued where it is duly made to appear at least *prima facie* that the record of a lower court shows that the proceedings in a cause have violated established principles of law or that the adjudication in the cause is a palpable miscarriage of justice and that the result is a substantial injury to the petitioner who has no other remedy and seeks a writ of certiorari.

If on fnal hearing and consideration of the matters that may properly be determined under the writ of certiorari it appears that the proceedings in the lower court were within the jurisdiction of the court and were according to the essential requirements of the law or that no substantial injury reasonably could have resulted to the petitioner from the proceedings complained of, the writ of certiorari may be quashed.

In this case it appears *prima facie* from the entire evidence that the plaintiff's negligence in a substantial manner contributed proximately to the injury complained of. If this is established by the record, the plaintiff cannot under the common law which is applicable, legally recover damages from the defendant for the injury alleged (61 Fla., 293); and consequently it appears *prima facie* that the lower courts did not observe the essential requirements of the law in adjudging and in affirming damages against the defendant who is the petitioner for the writ. There-

may be other matters in the record that can be reviewed in this proceeding. As a *prima facie* case has been made a writ of certiorari should be issued.

It is so ordered

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS, J., concurring.

The Civil Court of Record of the County of Duval was established under the provisions of Sections 3310-3324 Revised General Statutes. Section 3321 provides that the Circuit Court shall have appellate jurisdiction in all cases decided by the Civil Court of Record in the same manner and with the same limitations as in writs of error from the Circuit Courts to the County Court.

Section 3322 provides that where the Circuit Court has rendered a judgment in any case appealed from the Civil Court of Record it shall be competent for the Supreme Court to require by certiorari or otherwise, upon petition of any party thereto any such case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it had been carried by writ of error to the Supreme Court. The section provides that in case such course is pursued the petition must be filed in the Supreme Court within thirty days after the rendition of the judgment by the Circuit Court.

County Judge's Courts and County Courts are expressly provided for by the Constitution. Section 16 of Article V of the Constitution provides that there shall be elected by the qualified electors of each county a County Judge.

Sectuion 17 of the same Article prescribes his jurisdiction. Section 18 provides that the legislature may organize County Courts in such counties as it may think proper and when such County Courts are organized the County Judge shall be the Judge of the said court.

Section 11 of Article V provides that the Circuit Court shall have final appellate jurisdiction in all civil and criminal cases arising in the County Court or before the County Judge and of all misdemeanors tried in criminal courts and of all judgments or sentences of any Mayor's Court and of all cases arising before Justices of the Peace in counties in which there are no County Courts.

In the case of Benton v. State, 74 Fla. 30, 76 South. Rep. 341, this court held that the common law writ of certiorari could not be made to serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions. While a certiorari is appellate in its character in the sense that it involves a limited review of the proceedings of an inferior jurisdiction, it is original in the sense that the subject matter of the suit or proceeding which it brings before the court are not here reinvestigated, tried and determined upon the merits generally as upon appeal at law or writ of error. This language was the language of Mr. Justice Westcott in the case of Basnet v. City of Jacksonville, 18 Fla. 523.

In the Benton case we pointed out that the certiorari issued in that case was a common law writ upon which "we neither affirm nor reverse a judgment, nor try the case upon its merits. We must either quash the proceeding of the Judge of the Circuit Court or quash the certiorari which brings it here."

In the case of Haile v. Bullock, 83 Fla. 538, 91 South.

Rep. 683, which was a certiorari with a bill of exceptions in which the Circuit Court had affirmed on appeal a judgment in the County Judge's Court, this court, speaking through Mr. Justice Whitfield, said: ''In this case a bill of exceptions was authenticated and filed in the trial court. The statute makes it a part of the record in the cause, and on certiorari the record may be examined to determine whether the court proceeded according to the essential requirements of the law in the trial of the cause and in rendering judgment.

In that case the defendant in the courts below was charged with unlawfully having in his possession certain intoxicating liquors contrary to the statute. The liquor was found in the defendant's private dwelling as disclosed by the bill of exceptions, but there was no evidence that the ''moonshine liquor'' found in the defendant's residence was intoxicating or that it was used for unlawful purposes. It was pointed out that the Federal Statute which is controlling expressly permits the possession of intoxicating liquor in one's private dwellinig for family use and that ''moonshine liquor'' is not by statute declared to be intoxicating or *prima facie* intoxicating. Upon this showing as made by the bill of exceptions it was held by this court that the judgment was erroneous because there was no evidence upon which the verdict and judgment could rest. It was apparent therefore from the record that the proceedings in that case were not in accordance with the essential requirements of the law.

In the case of Atz v. Andrews, decided by this Court on June 30th, 1922, the Court, upon a certiorari with bill of exceptions held that the judgment of the Circuit Court should be quashed. The reason operating upon the majority of the Court for such holding was that where one

of the essential facts to be proved in a charge of unlawful possession of intoxicating liquor was the intoxicating quality of the liquor, that it was not in accordance with the essential requirements of the law to permit the State's counsel, over an objection by the defendant, to state to the jury that the liquor was intoxicating and that he knew it to be intoxicating. That such a statement made by State's counsel in the presence of the jury, not in argument before the jury, but upon an application for further time to produce evidence as to the intoxicating quality of the liquor and the Court's order overruling the defendant's objection to such a statement was equivalent to a pronouncement by the court that a material and essential fact to be proved by the State in the prosecution was established against the defendant. For that reason a majority of the court in that case quashed the judgment, though no opinion was written by the court.

These cases mark the limit to which this court has, upon a writ of certiorari, considered the evidence presented by a bill of exceptions. But in a case like the instant one, where a statutory provision is expressly made that in cases arising in Civil Courts of Record this court shall upon certiorari review and determine the case with the same power and authority as if it had been brought to this court by writ of error, I am of the opinion that this court may examine the case upon its merits as presented by the bill of exceptions and determine whether there was any substantial evidence to support the verdict. For that reason I think that in this case a writ of certiorari should be issued. I am authorized to state that Mr. Justice West concurs in this opinion.

WEST, J., concurs.