ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION,
*Petitioner,* v. FLORIDA FINE FRUIT COMPANY, A COR-
PORATION, *Respondent.*

Division B.

Opinion Filed January 21, 1927.

Petition for Rehearing Denied February 25, 1927.

1. To the extent that it involves the review of the proceedings
   of an inferior court *certiorari* is an appellate proceeding
   but to the extent that the subject-matter of the proceeding
   brought before the Appellate Court will not be reinvestigated,
   tried or determined on the merits as on appeal or writ of
   error, it is an original proceeding.

2. Section 3322, Revised General Statutes of Florida, authorizes
   this Court to issue writs of *certiorari* to review judgments
   of the Civil Court of Record that have been affirmed by the
   Circuit Court of Duval County, but it does not enlarge the
   appellate jurisdiction of this Court as defined by the Con-
   stitution.

3. The common law writ of *certiorari* may be directed to in-
   ferior tribunals where it is shown that they have exceeded
   their jurisdiction or where they have proceeded illegally and
   no appeal or writ of error will lie.

4. Review by *certiorari* does not ordinarily extend to a con-
   sideration of the probative force of conflicting testimony,
   but it may include substantial errors of procedure that are
   calculated to materially injure the complaining party.

5. In cases coming to this Court pursuant to Section 3322,
   Revised General Statutes of Florida, where the probative
   force of the evidence affects the jurisdiction of the Court or
   where it is so manifestly contrary to the finding that is
   made on it as to show a palpable abuse of the power to
   determine the controverted facts on the evidence or where

the finding clearly indicates that the evidence was not duly considered or an erroneous rule of law was observed in making the finding, or where there was serious misconduct involved in the finding, and material injury to the petitioner resulted therefrom, the Court may in the exercise of its sound discretion consider such matters and take appropriate action thereon in order that the law and justice may prevail.

6. The law is well settled that a common carrier by reason of its public character is under obligation to furnish cars to shippers who ship by the car lot. The proper measure of the carriers' obligation in this matter is generally determined by the amount of freight ordinarily carried in normal times.

7. Any unusual, extraordinary or unprecedented demand on a carrier for cars or other transportation facilities in excess of its normal capacity will not impose on it the duty of complying therewith, if it has not the cars on hand at the time and could not have reasonably anticipated the demand and made provision for them.

8. When a common carrier is unable to furnish cars at the time demanded without suffering an undue interference with its general business or with the rights of other shippers it may show such facts in defense of an action to hold it liable for losses occasioned by its neglect to furnish cars or other transportation facilities.

9. Under its general public obligation a common carrier is not bound to furnish other means of transportation than such as it owns and uses or holds out to the public on its own route for that purpose.

10. Whether or not a railroad company is properly equipped to supply normal demands, whether there was an unprecedented demand at the time in question or one not reasonably to be anticipated, whether the railroad company was permitting its cars to be in the service of other carriers instead of using them to its own demands or whether they were unavoidably out of reach at the time of the alleged

VOL. 93, JANUARY TERM, 1927. 163

A. C. L. R. R. Co v. Florida Fine Fruit Co.—Opinion of Court.

unprecedented demand are questions for the jury to determine.

11. The tariffs embracing the published rules or the contract under which a service on the part of a common carrier is to be performed or the applicable portions thereof may be properly introduced in evidence by the carrier in a suit for damages for negligently failing to perform such service.

A Writ of Certiorari to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Reversed.

*Doggett, Christie & Doggett,* for Petitioner:

*P. L. Gaskins, John F. Hall* and *Gary W. Alexander,* for Respondent.

TERRELL, J.—The respondent as plaintiff· sued the petitioner as defendant in the Civil Court of Record for Duval County in a common law action for negligently transporting and ventilating and for failing to provide refrigerator cars in which to transport four cars of oranges and grape fruit from Winter Haven, Florida, to Chicago, Illinois, in May, 1920. A demurrer to the declaration was overruled as was likewise a demurrer to the original, first amended and second amended pleas. A jury was waived and trial by the Court resulted in a judgment for the plaintiff (respondent) in the sum of $2,990.40 and costs.

A motion for new trial was denied and appeal· was taken to the Circuit Court of Duval County where the judgment of the Civil Court of Record was affirmed. Motion for rehearing was denied and on petition of Atlantic Coast Line Railroad Company pursuant to Section 3322, Revised General Statutes of 1920, of Florida, *certiorari* was directed to the Circuit Court of Duval County commanding it to trans-

mit to this Court a true copy of the record and proceedings in said cause which was done in response to the said writ.

It is contended here by the petitioner, Atlantic Coast Line Railroad Company, (1) that the trial Court erred in sustaining plaintiff's demurrer to its (defendant's) second amended pleas, (2) that the Court erred in permitting plaintiff to introduce in evidence its several orders for refrigerator cars, and (3) that the Court erred in refusing to permit the defendant to introduce in evidence the tariffs under which the shipments involved here were transported.

Against the contention of petitioner the relator, Florida Fine Fruit Company contends that the writ of *certiorari* should be quashed because, (1) The grounds set forth in the petition do not present matter which may be determined on writ of *certiorari*. (2) There is no authority for making the function of a writ of *certiorari* the equivalent of a writ of error. (3) The statute attempting to give such authority in this case is unconstitutional, being in violation of Section 5 of Article V, and Section 11 of Article V of the Constitution, and (4) even if it were assumed that such authority existed, no sufficient ground is shown from the petition and record to sustain the writ.

The general nature, purpose and function of the common law writ of *certiorari* has been fully discussed in former adjudications of this Court. Basnet v. City of Jacksonville, 18 Fla. 523; Edgerton v. Green Cove Springs, 18 Fla. 528; Deans v. Wilcoxon, 18 Fla. 531; Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290; Hunt v. City of Jacksonville, 34 Fla. 504, 16 South. Rep. 398; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714; Louisville & N. R. Co. v. Sutton, 54 Fla. 247, 44 South. Rep. 946; Ragland v. State, 55 Fla. 157, 46 South. Rep. 724; Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70

South. Rep. 550; Benton v. State, 74 Fla. 30, 76 South. Rep. 341; Harrison v. Frink, 75 Fla. 22, 77 South. Rep. 663; First Nat. Bank of Gainesville v. Gibbs, 78 Fla. 118, 82 South. Rep. 618; American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 South. Rep. 740; American Ry. Exp. Co. v. Weatherford, 86 Fla. 626, 98 South. Rep. 820. In the case at bar our observations will be confined to the function of *certiorari* as affected by Section 3322, Revised General Statutes of Florida, 1920.

Section 5 of Article V of the Constitution defines the jurisdiction of this Court. Section 11 of Article V of the Constitution defines the final appellate jurisdiction of Circuit Courts in this State. To the extent that it involves the review of the proceedings of an inferior court *certiorari* is an appellate proceeding, but to the extent that the subject-matter of the proceeding brought before the Appellate Court will not be reinvestigated, tried or determined on the merits as on appeal or writ of error it is an original proceeding. Benton v. State, 74 Fla. 30, 76 South. Rep. 341.

As previously suggested the petition here was presented pursuant to Section 3322, Revised General Statutes of Florida. Construing that Act in American Ry. Exp. Co. v. Weatherford, 86 Fla. 626, 98 South. Rep. 820, this Court announced the rule that it was authorized to issue writs of *certiorari* thereunder to review judgments of the Civil Court of Record that had been affirmed by the Circuit Court of Duval County, but that the said Act could not extend or enlarge the appellate jurisdiction of the Supreme Court as defined and limited by the Constitution.

This Court and the authorities generally hold that the common law writ of *certiorari* may be directed to inferior tribunals where it is shown that they have exceeded their jurisdiction or where they have proceeded illegally and no appeal or writ of error will lie, 5 R. C. L. 253. In Amer-

ican Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 South. Rep. 740, this Court said that *certiorari* is a common law writ which issues in the sound judicial discretion of the Court to an inferior Court, not to take the place of appeal or writ of error but to cause the entire record of the inferior Court to be brought up by certified copy for inspection, in order that the superior Court may determine from the face of the record whether the inferior Court has exceeded its jurisdiction or has not proceeded according to the essential requirement of the law, in cases where no direct appellate proceedings are provided by law. Benton v. State, 74 Fla. 30, 76 South. Rep. 341.

Review by *certiorari* does not ordinarily extend to a consideration of the probative force of conflicting testimony, but it may include substantial errors of procedure that are calculated to materially injure the complaining party. In cases coming to this Court pursuant to Section 3322, Revised General Statutes of Florida, where the probative force of evidence affects the jurisdiction of the Court or where it is so manifestly contrary to the finding that is made on it as to show a palpable abuse of the power to determine the controverted facts on the evidence, or where the finding clearly indicates that the evidence was not duly considered or an erroneous rule of law was observed in making the finding, or where there was serious misconduct involved, in the finding, and material injury to the petitioner resulted therefrom, the Court may in the exercise of its sound discretion consider such matters and take appropriate action thereon in order that the law and justice may prevail. American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 South. Rep. 740.

It is therefore well settled that *certiorari* can not be made ot perform the function of an appeal or writ of error, and that Section 3322, Revised General Statutes of Florida,

VOL. 93, JANUARY TERM, 1927.        167

A. C. L. R. R. Co. v. Florida Fine Fruit Co.—Opinion of Court.

cannot be construed as extending or enlarging the appellate jurisdiction of this Court, but the function of the writ has been liberally interpreted and whether or not a cause brought here for review under the Act or otherwise presents a case cognizable for this Court to review on writ of *certiorari,* must depend on the showing made in the individual petition.

The petition here shows first, that the trial court sustained a demurrer to defendant's second amended pleas. These pleas set up a car shortage or inability of the railroad company to procure and furnish the shipper all the cars of refrigerator type requested by it at the time they were requested, which inability was due to an unusual demand for refrigerator cars in the immediate territory and throughout other portions of the country.

The law is well settled that a common carrier by reason of its public character is under obligation to furnish cars to shippers who ship by the car lot. The proper measure of the carrier's obligation in this matter is generally determined by the amount of freight ordinarily carried in normal times. The carrier must, however, anticipate that more freight will be offered for transportation at some seasons than others, and it is required to have ample rolling stock and cars on hand to meet such emergencies. The carrier cannot voluntarily permit its cars and rolling stock to be in the service of other carriers when it should be using them to supply its own demands and avoid its responsibility; nor can it plead an unprecedented demand when it has ample rolling stock out of reach unless it is shown to be so unavoidably, Galena & C. U. R. Co. v. Rae, 18 Ill. 488, 68 Am. Dec. 574; Ayres v. Chicago & N. W. Ry. Co., 71 Wis. 372, 37 N. W. Rep. 432; Voorhees v. Chicago, R. I. & P. Ry. Co., 71 Iowa 735, 30 N. W. Rep. 29; Illinois Cent. Ry. Co. v. River & Rail Coal & Coke Co., 150 Ky. 489, 150 S.

W. Rep. 641, 44 L. R. A. (N. S.) 643 and Note; 4 R. C. L. 673; Houston E. & W. T. Ry. Co. v. Campbell, 91 Tex. 551, 45 S. W. Rep. 2, 43 L. R. A. 225, and Note; Wibert & Hebard v. New York & E. R. Co., 19 Barb. (N. Y.) 36, same affirmed in 12 N. Y. 245.

The law is also well settled that any unusual, extraordinary or unprecedented demand on a carrier for cars or other transportation facilities in excess of its normal carrying capacity will not impose on it the duty of complying therewith, if it has not the cars on hand at the time and could not have reasonably anticipated the demand and made provision for them. 4 R. C. L. 673, 674; Houston, E. & W. T. Ry. Co. v. Cambell, 91 Tex. 551, 45 S. W. Rep. 2, 43 L. R. A. 225, and Note; Pittsburgh, C. C. & St. L. Ry. Co. v. Racer, 10 Ind. App. 503, 37 N. E. Rep. 280; 38 N. E. Rep. 186; Pittsburgh, C. C. & St. L. Ry. Co. v. Racer, 5 Ind. App. 209, 31 N. E. Rep. 853; Pittsburgh, C. & St. L. Co. v. Morton, 61 Ind. 539, 28 Am. Rep. 682; Wilbert & Hebard v. New York & E. R. Co., 19 Barb. (N. Y.) 36 affirmed, in 12 N. Y. 245; Branch v. Wilmington & W. R. R. Co. 77 N. C. 347; Keeter v. Wilmington & W. R. R. Co., 86 N. C. 346; Galena & C. U. R. Co. v. Rae, 18 Ill. 488, 68 Am. Dec. 574; Geo. H. Krepp, Inc. v. New Orleans Great Northern R. Co. — Fla. —, 110 So. 729.

When a common carrier is unable to furnish cars at the time demanded without suffering an undue interferance with its general business or with the rights of other shippers it may show such facts in defence of an action to hold it liable for losses occasioned by its neglect to furnish cars or other transportation facilities. Houston E. & W. T. Ry. v. Campbell, 91 Tex. 551, 45 S. W. Rep. 2, 43 L. R. A. 225 and Note. Under its general public obligation a common carrier is not bound to furnish other means of transportation than such as it owns and uses or holds out

to the public on its own route for that purpose. Pittsburgh, C. & St. L. R. Co. v. Morton, 61 Ind. 539, 28 Am. Rep. 682; Houston, E. & W. T. Ry. Co. v. Campbell, *supra*.

Whether or not a railroad company is properly equipped to supply normal demands, whether there was an unprecedented demand at the time in question or one not reasonably to be anticipated, whether the railroad company was permitting its cars to be in the service of other carriers instead of using them to supply its own demands or whether they were unavoidably out of reach at the time of the alleged unprecedented demand are questions for the jury to determine. Di Giorgo Importing & S. Co. v. Pennsylvania R. Co., 104 Md. 693, 65 Atl. Rep. 425, 8 L. R. A. (N. S.) 108 and Note; 4 R. C. L. 675.

The law being so defined we think the defendant was entitled to the defense tendered in its second amended pleas, so the order sustaining the demurrer to them was erroneous.

It is last contended that the trial court erred in refusing to permit the defendant to introduce in evidence the tariffs covering the shipments involved in this litigation.

Inspection of the declaration discloses that all its counts allege in substance that the shipments sued on were conveyed under the tariffs or rates in effect at the time of shipping. The tariffs embraced the published rules under which the service was to be performed. They were the contract or an important element of the contract between the shipper and the carrier for the performance of the service and we think they or the applicable portions thereof should have been admitted in evidence. We have found no case directly in point on this question, but the following support this view: Georgia, F. & A. R. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. Rep. 541; Missouri, K. & T. R. Co. of Texas v. Ward, 244 U. S. 383, 37 Sup. Ct.

Rep. 617; Davis v. Cornwell, 264 U. S. 560, 44 Sup. Ct. Rep. 410; Davis v. Henderson, 266 U. S. 92, 45 Sup. Ct, Rep. 24.

On the basis of the subject-matter of this opinion the judgment of the Civil Court of Record as affirmend by the Circuit Court of Duval County is quashed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.

PER CURIAM.—Petition for rehearing on the part of respondent was granted in this cause for the purpose of further considering whether or not the petition for *certiorari* should be denied on the ground that a good case was made on the general negligence and delay counts.

The record has been carefully re-examined. The verdict was general and the errors on which the judgment below was quashed so permeated and effected the entire proceeding we think that our former judgment herein must be and is hereby approved and the judgment of the Civil Court of Record as affirmed by the Circuit Court of Duval County is hereby quashed.

All concur.