THE SEVEN SEAS, INC., v. MYRTLE BUCKHOLTZ, a Feme Sole.

163 So. 567.
Opinion Filed October 12, 1935.
Rehearing Denied November 7, 1935.

*Patterson, Blackwell & Knight, T. J. Blackwell* and *W. Clinton Green,* for Petitioner;

*Ross Williams* and *Claude M. Barns,* for Respondent.

ON PETITION FOR WRIT OF CERTIORARI.

PER CURIAM.—This case is before us on petition for writ of certiorari. The transcript has been filed with the petition. It cannot be said that there was substantial evidence to support the verdict in favor of the plaintiff.

A judgment was entered in the Civil Court of Record in and for Dade County. Writ of error was taken to the Circuit Court and the judgment was affirmed.

In Haile v. Bullock, 83 Fla. 538, 91 Sou. 683, we said:

"While a judgment will not, on certiorari, be quashed for mere errors in the proceedings that are not fundamental or manifestly unjust in their nature or material consequences; yet where the trial court did not proceed according to the essential requirements of the law, and material injury results therefrom, and the judgment has been affirmed by an intermediate appellate court, relief may in proper cases be had on certiorari, when that writ is allowed in the sound discretion of a superior court. See Balbontin v. State, 68 Fla. 84, 66 South. Rep. 421."

In the case of Brinson v. Tharin, 99 Fla. 696, 127 Sou. 313, the limited office of the writ of certiorari was clearly defined in an opinion written by Mr. Justice ELLIS for this Court. There we said:

"The common law writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error. The writ of certiorari involves a limited review of the proceedings of an inferior jurisdiction."

And, in the body of the same opinion, it was said:

"It is only the common law writ of certiorari which may be issued by this Court to review the proceedings of the Circuit Court as an appellate court and as that power is secured by the Constitution in this Court it may not be extended, limited or regulated by statute. We have seen that the attempt to give it the effect of a writ of error and transferring the appellate jurisdiction of the Circuit Court to this Court is futile. Second Weatherford case, *supra*. Likewise vain is the attempt to limit the issuing of certiorari in the matter of time to a period within thirty days after the Circuit Court. Palmer v. Johnson, 97 Fla. 479, 121 So. Re. 466.

"The writ, confined to its legitimate scope, may issue within the Court's discretion at any time to correct the procedure of courts wherein they have not observed those requirements of the law which are deemed to be essential to the administration of justice. It is important, however, that the Court should not broaden or extend the scope of the writ.

"A judgment void for lack of jurisdiction or a proceeding characterized by a kind of tyranny in the failure to observe essential requirements should be subject to correction at the discretion of the Court vested with the power to issue the writ.

"The writ is one which issues on discretion and not as a writ of right. Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. Rep. 290; Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. R. 398; Holmberg v. Toomer, 78 Fla. 116, 82 So. R. 620; First National Bank of Gainesville v. Gibbs, *supra*.

"The common law writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature

of a writ of error. The writ involves a limited review of the proceeding of an inferior jurisdiction. It is original in the sense that the subject matter of the suit or proceeding which it brings before the Court are not here reinvestigated, tried and determined upon the merits generally as upon appeal at law or writ of error. Basnet v. City of Jacksonville, 18 Fla. 523."

That the writ may not be used to review and determine the weight of the evidence or to determine the sufficiency of evidence where there is some evidence supporting the judgment complained of was pointed out in the opinion in the case of the Mutual Life Insurance ·Company of New York v. Johnson, filed at this Term of the Court, but not yet reported.

On authority of the cases above named and authorities therein cited, the petition for certiorari is denied.

So ordered.

TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.