RoBBINS HOLDING Co. v. BERNICE MORRIS, a single woman

177 So. 404.
Division B.
Opinion Filed February 22, 1938.

*J. Harvey Robillard* and *V. B. Rutherford,* for Petitioner;

*Rosenhouse & Rosenhouse* and *Harry Gordon,* for Respondent.

CHAPMAN, J.—On petition for writ of certiorari it has been made to appear that a verdict and judgment was entered for respondent and against petitioner in a replevin suit in the Civil Court of Record of Dade County, Florida, awarding the possession and ownership of said automobile

to respondent. A seasonably made motion for a new trial was presented and upon argument was overruled and denied by the Judge of the Civil Court of Record of Dade County, Florida. From said judgment against petitioner a writ of error was taken to the Circuit Court of Dade County, Florida, and the said final judgment so entered upon argument of counsel was in all respects affirmed, but reduced the amount of the said judgment and directed the lower court to enter a judgment in conformity to the said opinion entered by the Circuit Court of Dade County, Florida.

Counsel for petitioner contend that the Circuit Court, as well as the Civil Court of Record in and for Dade County, Florida, did not proceed in said cause according to the essential requirements of the law, and there now exists a palpable miscarriage of justice. The following reasons, among others, are cited to sustain the conclusion, viz.:

"The Circuit Court failed to consider that petitioner herein, plaintiff in error, Robbins Holding Co., a Florida corporation, was the owner of the automobile in question, while the gift thereof as alleged in the declaration and shown by the testimony, was made, if at all, by Charles Rubin, an individual.

"The Circuit Court overlooked the fact that no complete gift was shown in that neither the certificate of title nor possession or control of the automobile in question passed to the alleged donee.

"The Circuit Court in entering its opinion and judgment, failed to consider that the evidence affirmatively showed that the automobile in question was not delivered to the defendant or accepted by her.

"The Circuit Court overlooked the fact that the Judge failed to show that the gift claimed went into immediate

and absolute effect but affirmatively shows that it did not.

"The Circuit Court failed to consider that the evidence affirmatively shows that the gift claimed by defendant was not made on May 12th, 1936, as set forth in defendant's affirmative plea.

"The Circuit Court overlooked the fact that the Judge of the Civil Court of Record refused to charge the jury that to constitute delivery of a gift, whether evidenced by written assignment or oral statement, it must consist as far as practicable of a delivery of that thing which will most effectually and irrevocably divest the donor of the dominion and control of the subject of the gift, and thus the appearance of the title, whether that thing is the subject itself, a symbol of the subject, a written assignment or the patent evidences of the delivery which constitutes the most effectual mode of transferring the dominion over it.

"The Circuit Court erred in denying petitioner's motion for rehearing thereby depriving petitioner of all recourse except by this petition for writ of certiorari."

We have examined the record in this cause with all the reasons asserted by the petitioner before us for the granting of the writ with the law controlling the facts in the case. This Court in the case of Atlantic Coast Line R. R. Co. v. Florida Fine Fruit Co., 93 Fla. 161, text 165-7, 112 So. 66, said:

"This court and the authorities generally held that the common law writ of *certiorari* may be directed to inferior tribunals where it is shown that they have exceeded their jurisdiction or where they have proceeded illegally and no appeal or writ of error will lie, 5 R. C. L. 253. In American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 South. Rep. 740, this Court said that *certiorari* is a common law writ which issues in the sound judicial discretion of the

Court to an inferior Court, not to take the place of appeal or writ of error but to cause the entire record of the inferior Court to be brought up by certified copy for inspection, in order that the superior Court may determine from the face of the record whether the inferior Court has exceeded its jurisdiction or has not proceeded according to the essential requirement of the law, in cases where no direct appellate proceedings are provided by law. Benton v. State, 74 Fla. 30, 76 South. Rep. 341.

"Review by *certiorari* does not ordinarily extend to a consideration of the probative force of conflicting testimony, but it may include substantial errors of procedure that are calculated to materially injure the complaining party. In cases coming to this Court pursuant to Section 3322, Revised General Statutes of Florida, where the probative force of evidence affects the jurisdiction of the Court or where it is so manifestly contrary to the finding that is made on it as to show a palpable abuse of the power to determine the controverted facts on the evidence, or where the finding clearly indicates that the evidence was not duly considered or an erroneous rule of law was observed in making the finding, or where there was serious misconduct involved in the finding, and material injury to the petitioner resulted therefrom, the Court may in the exercise of its sound discretion consider such matter and take appropriate action thereon in order that the law and justice may prevail. American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 83 South. Rep. 740.

"It is therefore well settled that *certiorari* can not be made to perform the function of an appeal or writ of error, and that Section 3322, Revised General Statutes of Florida, cannot be construed as extending or enlarging the appellate jurisdiction of this Court, but the function of the writ

has been liberally interpreted and whether or not a cause brought here for review under the Act or otherwise presents a case cognizable for this Court to review on writ of *certiorari*, must depend on the showing made in the individual petition."

It has not been made to appear that the essential requirements of the law were not complied with in the lower Court, but on the other hand, substantial justice was administered and for this reason the petition for a writ of *certiorari* is denied.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J. concur in the opinion and judgment.