**ANNA LOU BRICKLEY, a widow, v. ATLANTIC COAST LINE RAILROAD COMPANY, a corporation.**

13 So. (2nd) 300

May 11, 1943

Rehearing Denied May 31, 1943

January Term, 1943

Division A

*G. P. Garrett,* for appellant.

*Leroy B. Giles* and *Warren B. Parks,* for appellee.

CHAPMAN, J.:

This case originated in the Circuit Court of Orange County, Florida. Ann Lou Brickley, widow, sued the defendant railroad company for the wrongful death of her husband, John Brickley, a truck driver, who was killed in a collision between a train of the defendant and a truck driven by the deceased at a railroad crossing near Taft, Florida. The issues were submitted to a jury as made by a single

count of a declaration and pleas of not guilty and contributory negligence were presented, resulting in a verdict and judgment for the railroad company. An appeal therefrom has been perfected to this Court.

It is not necessary to consider the several questions posed for adjudication, because the record discloses that the trial court failed or inadvertently omitted to charge the jury as to the measure of recovery, if any, prescribed by Section 768.06, Fla. Stats. 1941, as to comparative negligence. Counsel for plaintiff below requested the charge and counsel for appellee concedes that the charge, or its equivalent, was not given. The failure to so instruct the jury is attempted to be justified here on the theory that it is harmless error. We cannot agree to this contention. See Section 768.06, *supra*.

It is next contended that instruction No. 9, as given at the request of the defendant, was erroneous and misleading. It is viz: "If you find from the evidence that the heedlessness or lack of prudence or care (if any) of the driver of the truck (and the same, if any) was the sole proximate cause of the injury, the plaintiff in this case cannot recover." The words *supra* in parenthesis are supplied. These omissions, standing alone, may not constitute reversible error, but fairness, impartiality and the law suggest that the charge be given as corrected when the issues are resubmitted.

The record discloses that the plaintiff below (Ann Lou Brickley) employed counsel to sue for the wrongful death of her husband. It is the contention of her counsel that the Gulf Coast Construction Company and the Atlantic Coast Line Railroad Company are joint tort feasors and legally liable for the negligent death of her husband, John Brickley, and accordingtly separate common law actions were instituted against these two companies. When the suit against the Atlantic Coast Line was being tried, and after counsel for the plaintiff announced the resting of the taking of testimony in chief, counsel for the defendant company, to maintain the issues in its behalf, called plaintiff's attorney to the stand as a witness and interrogated him as to his employment by the plaintiff. The plaintiff was also called, sworn and interrogated as a defense witness.

The record reflects the following proceedings:

"Q. Did you authorize him to file suit on your behalf against the Gulf Coast Construction Company? A. Well, I just engaged him as my lawyer. Q. You knew he had filed such a suit, did you not? A. He told me that he had. Q. And you approved of his doing it, did you? A. Well, he knew more about it than I did. Q. I read you this statement here, and ask you if you knew that for a fact, and if you authorized that statement to be made by him; (reading) 'Said railroad crossing at said time and place was a dangerous railroad crossing, and the general contractor, the defendant herein, was then and there required by the terms of its said contract with the Government of the United States, and by the proper authority charged by the Government with supervising the safe performance thereof to maintain a flagman at said railroad crossing to flag truck drivers of the Moore Truck & Tractor Company working on said sub-contract, from injury or death, on account of collision of their trucks with railroad trains at and on said railroad crossing, while crossing same, and said defendant was then and there maintaining a flagman at said railroad crossing for said purpose,' did you know that to be a fact? A. I knew there was supposed to be one of some kind there, but from what I hear he wasn't there, I wasn't down there, I don't know anything about that. Q. You knew though that this company was employing a flagman, did you not? A. They were supposed to be, to the best of my knowledge. Q. To the best of your knowledge? A. Yes. Q. Well, did you acquaint Mr. Garrett with that fact? You discussed it with him, did you not? A. Yes. Q. And you knew that he was preparing, or was going to file this suit against the Gulf Coast Construction Company on your behalf? A. I didn't know that he was going to do it. Q. You knew such a suit was filed, didn't you, against the Gulf Coast Construction Company? A. I am not sure of it. I didn't know what he was going to do. Q. You authorized him to sign any pleadings for you in this case, as your attorney, did you not?" (Witness excused).

"Mr. Parks: Now, if your Honor please, I want to introduce that in evidence at the proper time. I think the author-

4

ization to do so is fully supported by Booth v. Lenox, 34 So. 566, and I want to read further this statement 'That said John Brickley then and there relying upon the said duty of the said defendant company to maintain a flagman at said railroad crossing to warn him of approaching train, so as to prevent him from sustaining injury thereupon by crossing the tracks, entered upon and crossing in a loaded truck, relying upon the flagman.'

"The Court: Let me ask, and see how we will apply that Rule, how it would apply here? If this were admitted in evidence then it would go to his conduct at the time, and it may have had some bearing upon the cause of action, that he was relying upon the presence and signal of the flagman, but that wouldn't necessarily defeat a recovery, it would only go to his contributory negligence. The only bearing I could see would be upon the issue of contributory negligence . . . I think she would only be bound by ratification, but I am inclined to view it that it would raise the question and cast the suspicion of whether he was as diligent as he might have been if he had not been relying on it. I don't think it is determinative, its mere circumstance, I think it's very slight, but if it has any bearing it is admissible as evidence. I think it is admissible,—that is the allegation that he relied upon it. I am not sure just which allegations you were offering.

"Mr. Parks: I want F, G, H, I, and J.

"Mr. Garrett: We do object to the introduction of any part of that as an admission, and set forth that the language of Booth v. Lenox or the Rules of Law applicable to the matter do not justify the introduction of such a pleading signed by counsel only in the case, inter alias acta, between Anna Lou Brickley and the Railroad Company as proof of anything by way of admission or otherwise in the present case. I object to his introducing a part of it.

"The Court: "I think it is admissible. I overrule the objection.

"Mr. Garrett: Thereupon I object to introducing part of what is alleged to have been an admission with the withholding of the rest of it. If the pleading is to be used I submit it has to be used as a whole and not in part, because it is

interdependent, and the part not introduced is essential to the understanding of the admission itself.

"Our further objection to all of it is that it doesn't constitute an admission in any manner of contributory negligence, or any other issue in the pleadings in this case, with the further general objection to the whole thing that it does not constitute admission of contributory negligence, or of any negligence, in any character, and that inferences cannot be used to constitute admissions where it is admissions that are set forth in pleadings and used for the purpose of procuring admissions. Anything ambiguous or inferential, or that would not constitute a direct or clear admission against interest is not within the Rule.

"Further, the paper injects new issues into the case, which are not within the defense pleaded by the defendant, namely 'Not guilty' and 'contributory negligence.'

"The Court: Put it down that Mr. Garrett is objecting completely.

"Mr. Garrett: That's reasonable. The alleged use of the same as an admission is against Anna Lou Brickley, whereas if there were any admission it would have to be by John Brickley, as to whether or not he was contributorily negligent when she wasn't present. It is obvious that any statement that she made would not be applicable to constitute an admission.

"The Court: Overrule the objection."

The case of Booth v. Lenox, 45 Fla. 191, 34 So. 566, was a chancery suit. Admitted facts appearing in the answer of Esther L. Booth and by her sworn to were admissible in evidence against her (Esther L. Booth). The facts appearing in the sworn answer were within her knowledge and receivable in evidence like any controversial issue. The case of Smith v. Dowling, 81 Fla. 867, 89 So. 315, was a chancery suit seeking contribution. The chancellor held inadmissible pleas in a common law action offered by defendant not sworn to by the plaintiff in the chancery case. We held the said ruling was free from error. Sands v. Wilson, 140 Fla. 18, 191 So. 21, has been considered. Likewise 31 C.J.S. 1076-79, subsection (b) of Section 303.

Wigmore on Evidence, Vol. IV (3rd ed.) states the rule of admission into evidence of pleadings in chancery and common law actions. The rule of admissibility in evidence of pleadings in chancery are in accord with our holdings in Booth v. Lenox, *supra*, and Smith v. Dowling, *supra*. See par. 1065, pp. 49-52. While it is difficult to prescribe an exact formula applicable to the admission into evidence of various and sundry common law pleadings, the better rule to follow is the one controlling the point or issue before us. Wigmore on Evidence, Vol. IV (3rd Ed.), pp. 54-56, subsection (3) of par. 1066, states the rule viz:

"The rule of law, however, as generally applied under the orthodox common-law system of pleading, seems to have been to exclude all common-law pleadings filed in other causes. On the other hand, under most of the reformed system (by which the pleadings, approximating the chancery practice, are required to be signed by the party, and sometimes to be sworn to) they are commonly ruled to be admissible if it appears that .the party signed them. A few courts concede the same result also when the party's personal knowledge of the pleading's contents is otherwise shown. For the reasons already explained, all of these limitations and requirements must be regarded as unsound, and this a few courts appear to hold."

The order overruling the objections of counsel for plaintiff to the introduction into evidence of the designated portion of the declaration was erroneous. The judgment appealed from is reversed and a new trial awarded.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.

13 So. (2nd) 314 .             January Term, 1943
May 11, 1943                   Division A