LONDON GUARANTEE & ACCIDENT COMPANY, LTD., an English corporation, v. I. C. HELMLY FURNITURE CO., INC., a corporation, for its own benefit, and also for the use and benefit of CENTRAL SURETY AND INSURANCE CORPORATION, a Missouri corporation.

14 So. (2nd) 848 June Term, 1943
July 30, 1943 En Banc
Rehearing Denied September 17, 1943

454

*Chappel & Brown,* for petitioner.

*Blackwell & Walker,* for respondents.

CHAPMAN, J.:

On September 7, 1936, Elizabeth Ball and husband, M. J. Ball, filed in the Circuit Court of Dade County, Florida, their second amended declaration, consisting of four counts, against I. C. Helmly Furniture Co. Inc., seeking to recover damages for personal injuries sustained by Elizabeth Ball while an employee of I. C. Helmly Furniture Co. Inc. Counts three and four sought a recovery for damages sustained by the husband as a result of the injuries to his wife, Elizabeth Ball.

The material allegations of Count One were in effect that Elizabeth Ball was an employee of the furniture company and injured by its truck when operated by another employee (one Hargrove) at a time when the plaintiff (Elizabeth Ball) and other employees of the defendant were allowed, permitted and invited by the defendant to be at the place where she was so struck and injured and at the time she had no control over the truck.

The material allegations of Count Two charged that Elizabeth Ball was an employee of the defendant furniture company and seriously injured by an automobile truck of the defendant operated by one Hargrove; that Hargrove injured the plaintiff by the operation of the truck in the course and scope of his employment as an employee of I. C. Helmly Furniture Co. Inc.; that she sustained her injuries during the lunch hour when the women employees were off duty and she was not then engaged in or about her duties, and the plaintiff at said time did not stand in the relationship of a servant to the defendant furniture company. The allegations of Counts Three and Four seeking a recovery by the husband for the injuries of his wife are not here material.

The lower court sustained a demurrer to each Count of the amended declaration and held that the alleged injuries

inflicted on Elizabeth Ball were due to the negligence of her fellow servant, Troy C. Hargrove. An appeal was perfected here and we reversed the ruling of the trial court and held that under the allegations of the several counts of the amended declaration, the relation of master and servant was suspended and the fellow servant rule had no application. See Ball v. I. C. Helmly Furn. Co., Inc., 132 Fla. 882, 182 So. 435.

The I. C. Helmly Furniture Company had two policies of liability insurance: The Central Surety and Insurance Corporation policies covered accidents caused by the operation of certain motor vehicles owned by Helmly; the policy issued by the London Guarantee & Accident Company, LTD., covered accidents occurring on the premises of the furniture business and business operations. Each policy contained a clause as to prorata contribution to the effect that the company issuing it would be liable, proportionately, on a co-insurance basis, in the event of loss within its terms and also within the terms of the other policy. The terms and provisions of the two accident policies did not cover injuries to the employees of the I. C. Helmly Furniture Co., Inc. In other words, the two policies specifically excluded injuries sustained by the assured employees.

I. C. Helmly Furniture Co., Inc., paid Elizabeth Ball and husband, M. J. Ball, a given sum of money as full settlement and satisfaction of their claim involved in said suit and requested the two insurance companies, supra, to reimburse it for the sum so expended. The Central Surety and Insurance Corporation paid one-half of said sum, but the London Guarantee & Accident Company, LTD., declined or refused payment. The Helmly Furniture Company and the Central Surety and Insurance Corporation brought suit for contribution provided for by a provision of the policy, in the Civil Court of Record of Dade County for said sum so paid and obtained judgment therefor, and on appeal to the circuit court the same was affirmed. Review thereof by certiorari is sought in this Court.

Counsel for petitioner contend that the judgment entered against it in the Civil Court of Record of Dade County, and

affirmed on appeal to the circuit court, is not only illegal but prejudicial, materially harmful, and the courts failed, omitted and neglected in the entry of said judgment to proceed according to the essential requirements of the law.

One of the questions presented for adjudication is viz: Where the defendant has filed pleas which the trial court has held sufficient to state a good defense in bar, and where the defendant has proved one or more of such pleas by uncontradicted evidence, does the trial court err in denying defendant's motion for directed verdict, seasonably made at the conclusion of the evidence?

The purpose for issuance of a common law writ of certiorari by the Supreme Court of Florida to a circuit court is to determine whether the judgment sought to be reviewed is illegal, or is essentially irregular, or prejudicial and materially harmful to the complaining party. See Jacksonville American Pub. Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672; Jones v. General Accident Fire etc. Corp., 103 Fla. 787, 137 So. 889; American Ry. Express Co. v. Weatherford, 86 Fla. 626, 98 So. 820.

The answer to the question *supra,* as propounded, is found in the record of the proceedings in the lower court. The contention that allegations in the several counts of the amended declaration to the effect that Elizabeth Ball "was an employee of the I. C. Helmly Furniture Co., Inc.". when injured, and for this reason was not covered by the terms or provisions of the policy, coupled with the pleas sworn to by counsel for I. C. Helmly Furniture Co., Inc., filed to the amended declaration to the effect that "Elizabeth Ball was the employee of Helmly" when injured, with other evidence, conclusively established pleas 1, 2 and 10 of the petitioner filed in the civil court of record and the trial court, as a matter of law, should have directed a verdict for the petitioner here, defendant in the civil court of record.

The admissibility into evidence of common law pleadings in a certain cause was before this Court in the recent case of Brickley v. Atlantic Coast Line R. R. Co., 153 Fla. 1, 13 So. (2nd) 300, in which we held that the general rule was to exclude all common law pleadings filed in other cases.

The pleas of the Helmly Furniture Company, introduced into evidence, were shown to have been sworn to by counsel for the Central Surety and Insurance Corporation associated with counsel for Helmly Furniture Company in the defense of the Elizabeth Ball suit. Counsel for Helmly declined to swear to the pleas. An officer of Helmly Furniture Company testified that Elizabeth Ball was not an employee of the company, but was by Hargrove engaged to canvass and sell on a commission basis. We cannot hold, as contended, that pleas 1, 2 and 10 of the petitioner were proven by uncontradicted evidence, and as a matter of law, entitled to a directed verdict. We find disputes and conflicts in the evidence for a jury, under appropriate instructions. This Court, on common law certiorari, will not review disputes and conflicts in the evidence. See Blue Belt Fertilizer Co. v. Pullen, 125 Fla. 164, 169 So. 615; Seven Seas, Inc., v. Buckholtz, 121 Fla. 205, 163 So. 567; Robbins Holding Co. v. Morris, 131 Fla. 205, 177 So. 404.

It is contended that a departure from the essential requirements of the law occurred when the trial court gave the jury designated instructions. We have examined the charges as given, and when all are considered in their entirety reversible error has not been made to appear.

Questions one and three propounded by counsel for petitioner for adjudication have been carefully considered in connection with the entire record, and the several authorities cited in the briefs to sustain the contention made, have been read and examined. We have reached the conclusion that our answer as given to question number two, *supra,* substantially disposes of the contentions of counsel for petitioner. The several issues have been ably presented by counsel for the parties.

The petition for a common law writ of certiorari is hereby denied.

It is so ordered.

BUFORD, C. J., TERRELL, ADAMS and SEBRING, JJ., concur.

THOMAS, J., agrees to conclusion.

BROWN, J., not participating.