PER CURIAM.
The appellant was the plaintiff below, who instituted this law suit in order to recover for a loss of property he sustained by virtue of a robbery of his business premises, on the theory that the defendant-appellee negligently failed to execute *754 certain insurance binders which would have covered the theft. Trial was had on the issues of liability and damages, after which the jury rendered its verdict in favor of the plaintiff, assessing his damages in the amount of $97,556.50. The defendants immediately filed their motion for a new trial, and as grounds therefor, argued that the trial court had erred when it admitted into evidence, over objection, certain excerpts from schedules which were filed in bankruptcy proceedings held in the United States District Court, Southern District of Florida, in the Matter of Michael’s Auction Galleries, Inc., Bankrupt. The trial court accepted the defendants’ contentions, and entered an order granting a new trial as to both the issues of liability and damages.
The main issue before the court in its hearing as to the defendants’ motion for a new trial was whether or not the excerpts from the bankruptcy creditors’ claim schedules were competent evidence. We affirm the trial court’s ruling, in which it was held that such schedules did not constitute competent evidence for purposes of proving the value of stolen property in this law suit brought in the circuit court. These schedules are inventories which list the particular pieces of jewelry and merchandise consigned by the particular consignor-creditor to the plaintiff before the robbery occurred. They are filed in the U.S. District Court as the basis for the creditors’ claims against the bankrupt. In other words, the contested excerpts represent claims by litigants in the bankruptcy proceeding.
We have examined the authorities cited by the appellee in support of his position that the bankruptcy schedules were not competent evidence. Brickley v. Atlantic Coast Line R. Co., 153 Fla. 1, 13 So.2d 300, states the rule that common law pleadings filed in one cause are, under the better view, excluded from admissibility in other law suits as evidence. This holding was reaffirmed in the case of London Guarantee and Accident Co. v. I. C. Helmly Furniture Co., 153 Fla. 453, 14 So.2d 848. Although the above rule might generally be construed to apply to the facts of this particular case, we would prefer to predicate our decision in affirming the trial court’s holding on different grounds. The underlying principle which we feel controls here is that factual issues, such as proof of actual loss, when tried before a jury, should be subject to cross examination. Admission of inventories and schedules filed by claimants in bankruptcy suits, which themselves constitute no more than ex parte claims, essentially denies this right to cross examination.
Turning now to that section of the appealed order which grants a new trial as to the issue of liability, we are compelled to reverse. Although we hold that the bankruptcy schedules did constitute inadmissible evidence, we cannot also say that they affected the questions presented to the jury as to the liability of the defendants. As we pointed out above, plaintiff predicated his case upon a negligent omission of the defendant to procure certain insurance riders in sufficient amounts to cover the consigned stock which the plaintiff had on hand at the time of the robbery. His case in chief and burden of proof did not revolve on the bankruptcy schedules; rather, the schedules were tendered purely and simply for the purpose of demonstrating the monetary damages suffered by virtue of the theft. Under such circumstances, ordering a new trial as to liability constitutes an abuse of discretion and reversible error. Holdorf v. Charles F. Fry Advertising Associates, Inc., Fla.App.1965, 176 So.2d 381; Tolin Manufacturing Corp. v. Roy Feiner Handbags, Inc., Fla.App.1965, 173 So.2d 714. This is not a case wherein the inadmissible evidence was so closely intertwined with the dual issues of liability and damages as to require a new trial on both, as was the case in Deese v. White Belt Dairy Farms, Inc., Fla.App.1964, 160 So.2d 543.
Thus, based upon the foregoing reasons and authorities, we hereby affirm that part *755 of the order being appealed which requires a new trial as to the issue of damages; however we reverse that part of the order requiring a new trial as to the issue of liability.
Reversed in part, affirmed in part.