399 So.2d 479 (1981)
Glenwood Brooks COBB, Appellant,
v.
Molly Ann COBB, Appellee.
No. WW-379.
District Court of Appeal of Florida, First District.
June 9, 1981.
*480 Bill A. Corbin, Blountstown, for appellant.
Robert B. Staats, Panama City, for appellee.
PER CURIAM.
Appellant failed to make payments on certain household furnishings awarded to appellee pursuant to a final decree of dissolution. The Circuit Court found that the furnishings had been awarded to appellee "not as any settlement of property rights between the parties but upon a marital duty of the husband to the wife," and further found that appellant had the ability to pay for the furnishings but wilfully refused to do so. Consequently, the court ordered appellant to make satisfactory arrangements with the creditor within 30 days or be incarcerated in the county jail for a period not exceeding 90 days.
Appellant now urges that this order was erroneous, as the Florida Constitution prohibits incarceration for nonpayment of a debt. Florida Constitution, Art. I, § 11 (1968). Despite this constitutional prohibition, however, contempt proceedings may be used to enforce the payment of court-ordered alimony because of the public necessity that dependents be supported. Chapman v. Lamm, 388 So.2d 1048 (Fla. 3d DCA 1980); Gersten v. Gersten, 281 So.2d 607 (Fla. 3d DCA 1973). The trial court held a hearing at which testimony was taken and determined that the award sought to be enforced here arose out of a marital duty. Nothing in the record before this court contradicts that determination; and the order below is, accordingly, AFFIRMED.
McCORD, BOOTH and SHIVERS, JJ., concur.