431 So.2d 701 (1983)
Eugene LOURY, Appellant,
v.
Jo Ann LOURY, Appellee.
No. 82-1621.
District Court of Appeal of Florida, Second District.
May 20, 1983.
*702 Jack W. Crooks, Tampa, for appellant.
Donna Sumner Cox, of Dayton, Sumner, Luckie & McKnight, P.A., Dade City, for appellee.
SCHOONOVER, Judge.
The appellant, Eugene Loury, has appealed from an order holding him in contempt of court and awarding the appellee, Jo Ann Loury, a money judgment against him. We reverse.
On November 18, 1980, the trial court entered a final judgment dissolving the parties' marriage. The judgment approved, and ordered the parties to comply with, an agreement concerning the division of their personal property.
On June 17, 1981, the trial court entered an order which gave the appellant ten days to either deliver certain items of personal property to the appellee, or to pay her the reasonable value of any item or items not delivered. The order provided further that if the parties were unable to agree on the value of any item, either of them could apply to the court for such a determination.
*703 On April 16, 1982, the appellee filed a motion requesting the court to hold the appellant in contempt and to enforce the court's order of June 17, 1981. The motion alleged that the appellant had failed to comply with the order and that the reasonable value of the items in question was $10,500. The appellant filed a response to the motion and additionally filed his own motion requesting a subsequent hearing to determine reasonable value.
At the hearing on the appellee's motion, a list containing values of the property in question was admitted into evidence over the appellant's objection. The appellee testified that the values on the list were obtained from catalogues that she had in her possession. The appellant presented no evidence concerning value. At the conclusion of the hearing, the court denied the appellant's motion to allow another hearing for the purpose of establishing reasonable value of the property in question. The court subsequently entered an order finding the appellant in contempt of court, and a judgment was rendered in favor of the appellee in the amount of $10,091.18.
We disagree with the appellant's contention that his constitutional right to due process was violated because he did not have an opportunity to be heard at a meaningful time and in a meaningful manner. He cites Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, reh'g denied, 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972). The motion and notice of hearing furnished to the appellant was sufficient to place him on notice that he was called upon to defend himself for not complying with the court's order. If he did not agree with the reasonable value of the items as alleged by the appellee, he should have been prepared to present evidence at the hearing.
However, even though we do not accept the appellant's argument concerning due process, we agree that the court erred when it found him in contempt. A party may not be held in contempt of court for violating an order which is not clear in its command and direction. Kranis v. Kranis, 313 So.2d 135 (Fla. 3d DCA 1975). This court in the case of Hettinger v. McMahon, 164 So.2d 553 (Fla. 2d DCA 1964), held that a person cannot be in contempt of an order which does not sufficiently charge him with the knowledge of what he is required to do. In the case sub judice, the appellant was charged with either delivering the items in question to the appellee within ten days or paying her a reasonable amount for said items. Without an agreement between the parties as to the reasonable value, or a court determination thereof, the appellant could not be expected to comply with the command of the court. Hettinger v. McMahon. Since the parties had not agreed upon the value of the property, the court erred in finding the appellant in contempt of court without first determining the reasonable value of the property in question and then allowing the appellant a sufficient length of time to pay the adjudicated value to the appellee.[1]
We also agree with the appellant's contention that the trial court erred in awarding a money judgment against him. The proper measure for damages for loss of personal property is the market value on the day of the loss. Accordingly, the court erred in awarding a judgment based entirely on evidence concerning replacement cost. Allied Van Lines, Inc. v. McKnab, 331 So.2d 319 (Fla. 2d DCA 1976).
We accordingly reverse the order finding the appellant in contempt of court, and strike the judgment entered against him.
HOBSON, A.C.J., and DANAHY, JJ., concur.
NOTES
[1] Because of the result reached in this case, it is not necessary for us to determine if the property in question was awarded to the appellee as a settlement of property rights or because of a marital duty of the husband to the wife. Cobb v. Cobb, 399 So.2d 479 (Fla. 1st DCA 1981).