THREADGILL, Judge.
Industrial Glass Co. (Industrial) appeals a contempt order of the circuit court requiring it to pay certain attorney fees incurred by Shelley Rhinesmith (the wife) in seeking to enforce a temporary support order in a dissolution of marriage action. We reverse.
Jeffrey Rhinesmith was found in contempt for failure to pay temporary child support as ordered by the court in a dissolution of marriage action. As part of the order holding Rhinesmith in contempt, the court ordered his employer, Industrial, to “immediately begin deducting the sum of $120.00 per week, [plus fees] from the income due the Husband and remit same to the Clerk of Circuit Court....” This order was mailed to Industrial on October 7,1986 and delivered to the employer’s personnel manager on October 15, 1986.
Industrial immediately began deducting the stated amount each week but, pursuant to its own practice of submitting one check monthly for all employees under support orders, did not remit the deductions to the clerk of the court until November 24, 1986. In the interim, the wife’s attorney had filed for compliance. At the December 2, 1986 hearing on the motion for compliance, the only disputed issue was whether the wife’s attorney was entitled to recover fees from the employer as authorized by section 61.-1301(2)(e)(4), Florida Statute (Supp.1986). Finding Industrial had “willfully failed to comply” with the underlying order, the court on January 23,1987 ordered the company to pay $350.00 to the wife’s attorney.
Industrial contends first that the court erred in failing to follow the procedures set out in section 61.1301; thus, the order finding the company in contempt was void. Second, Industrial contends that the court erred in finding that the employer had in *1130 tentionally violated the order. We will address only the second basis of error.
It is well established that “[a] party may not be held in contempt of court for violating an order which is not clear in its command and direction.” Loury v. Loury, 431 So.2d 701, 703 (Fla. 2d DCA 1983). See also Martin v. Pinellas County, 483 So.2d 445 (Fla. 2d DCA 1986). While the contempt order here was clear that deductions were to be made weekly, the frequency of remittance was not specified. In Lawrence v. Lawrence, 384 So.2d 279, 280 (Fla. 4th DCA 1980), on similar facts, the court reversed a contempt order finding “there [was] nothing in the modification order which would have alerted appellant to the necessity for immediate payment.” Proof of intent is particularly important when the order alleged to have been violated is ambiguous in operation. Department of Health and Rehabilitative Services v. State, 338 So.2d 220 (Fla. 4th DCA 1976).
Under the circumstances presented, we find that Industrial was in substantial compliance with the underlying order. Nothing in the order put the employer on notice that it was required to deviate from its accepted practice of remitting all withhold-ings in one monthly check. Absent a clear and definite command in the order, it is impossible to determine that the employer intentionally disobeyed the order. Therefore, the trial court erred in finding that Industrial “willfully failed to comply”.
Because we find no willful or intentional violation of the order, we need not address the jurisdictional arguments raised by Industrial.
The order of the trial court is reversed,
RYDER, A.C.J., and PATTERSON, DAVID F., Associate Judge, concur.