ALTENBERND, Judge.
Sylvia A. Thompson (“former wife”) appeals the trial court’s order finding her in contempt for failing to pay one-half of Mark D. Plowmaker’s (“former husband”) transportation expenses incurred while visiting the parties’ child. Although it was appropriate for the trial court to enter an order clarifying the terms of the final judgment concerning transportation costs, we conclude that the order of contempt was premature.
In April 1994, the trial court entered a final judgment of dissolution of marriage. The judgment reflects the trial court’s misgivings concerning an award of primary residential custody of the parties’ minor child to either parent. Nevertheless, the trial court placed the child with the former wife, who resides in Miami. The final judgment requires that she “pay one-half (½) of the Hus *728 band’s mileage expense computed based upon State of Florida transportation tables and the governing State of Florida mileage rate.” The parties did not appeal this judgment.
The former wife is a member of The Florida Bar and was previously employed as a public defender. The trial court assumed that the former wife would simply use the rates that applied to her prior position. The former wife failed to pay any of the former husband’s mileage expenses, and he moved to hold her in civil contempt. In response, she argued that several different rates could apply and that she needed clarification of the final judgment.
The trial court entered an order establishing that the mileage should be computed at 20 cents per mile prior to July 1,1994, and at 25 cents per mile thereafter. The court held her in civil contempt and ordered her to pay an unliquidated amount to be computed by her former husband. If the former wife failed to pay the former husband’s invoice within twenty days, the order stated that the court would issue a warrant for her arrest. The former wife appealed this order. While her appeal was pending, this court permitted the trial court to enter an order determining that the former wife owed $1,590.40 in mileage expenses for the period through June 13, 1995. See Fla.RApp.P. 9.600.
An order that is indefinite or ambiguous may not be enforced by contempt. Loury v. Loury, 431 So.2d 701 (Fla. 2d DCA 1983). Although it seems likely that the wife could have used her skills as a lawyer to resolve this matter without traveling to the Polk County Courthouse on several occasions and without paying the substantial filing fees associated with her appellate efforts, we conclude that the trial court erred by prematurely entering an order of civil contempt. We approve those portions of the first order clarifying the final judgment, as reduced to a sum certain in the second order. If the former wife willfully fails to comply with these orders, her conduct' may support a future contempt proceeding.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and QUINCE, J., concur.