COVINGTON, Judge.
Appellant, Sarasota Yacht & Ship Services (Sarasota Yacht), appeals from an *232 order awarding Raymond G. Harris, the appellee, $65,276.68 in damages. Sarasota Yacht contends that the trial court applied an incorrect measure of damages and that it erred when it awarded damages for lost personal property. Sarasota Yacht also argues that the trial court did not have the authority to forfeit the sales commission. We find no error in the trial court’s computation with respect to the damages awarded for the lost personal property. Thus, we affirm that issue on appeal without further comment. However, we conclude that the trial court erred in applying an incorrect measure of damages and in ordering the forfeiture of the sales commission. Therefore, we reverse that portion of the judgment and remand for further proceedings on these points.
In April 1996, Mr. Harris listed his sailboat, the “Ark Angel,” with Sarasota Yacht. The listing agreement, which provided for a ten percent broker’s commission, prescribed an asking price of $195,000. On January 29, 1998, B. David Spell offered Mr. Harris $85,000 for the vessel contingent on surveys of the engine and hull. On January 80,1998, Mr. Harris proposed the following counteroffer, “Sale of vessel is as is where is. Sale procedes [sic] to seller will be $76,500.00 deposited to my bank.” This counteroffer was not accepted. Instead, Mr. Spell ordered a survey, which was received on February 5, 1998. According to the survey, the fair market value of the Ark Angel was $60,000. The Ark Angel ultimately was sold to Mr. Spell for $35,000, although the vessel sank shortly after delivery.
Sarasota Yacht contended that Mr. Harris had verbally agreed to sell the vessel at a reduced rate with net proceeds to Mr. Harris of $20,000. The trial court did not find this testimony credible. Rather, the trial court found that Mr. Harris did not authorize the sale of the Ark Angel at the reduced price.
The trial court found that while the fair market value of the Ark Angel was $60,000, Mr. Harris’ damages should be measured by his offer price of $85,000. The trial court reasoned that a $60,000 sales price should not be “forced on” Mr. Harris by the court. However, the unequivocal testimony at trial was that the fair market value of the vessel at the time of the transfer was $60,000.
The proper measure of damages for loss of personal property is its market value on the date of the loss. Allied Van Lines, Inc. v. McKnab, 381 So.2d 319 (Fla. 2d DCA 1976); Lowry v. Lowry, 431 So.2d 701 (Fla. 2d DCA 1983). Accordingly, it was error for the trial court to utilize the $85,000 figure, rather than the $60,000 figure, in its calculation of damages.
Despite the fact that Mr. Harris did not request a forfeiture of the sales commission in his pleadings, the trial court ordered that Sarasota Yacht forfeit its ten percent brokerage fee. As correctly pointed out by Sarasota Yacht, this is a breach of contract case. Such damages must be particularly specified in a pleading to apprise the opposing party of the nature of the special damages claimed. Safeco Title Ins. Co. v. Reynolds, 452 So.2d 45 (Fla. 2d DCA 1984). Thus, it was error for the trial court, under these specific circumstances, to order the forfeiture of the sales commission.
Affirmed in part, reversed in part and remanded.
BLUE, C.J., and STRINGER, J, Concur.