841 So.2d 494 (2003)
Efrain AREIZAGA, Appellant,
v.
Jody SPICER, Appellee.
No. 2D01-5438.
District Court of Appeal of Florida, Second District.
February 7, 2003.
Efrain Areizaga, pro se.
Ronald S. Reed of Ronald S. Reed, P.A., Tampa; and Allison M. Perry, Tampa, for Appellee (Reed and Perry withdrew before briefing).
*495 No appearance on behalf of Appellee.
ALTENBERND, Chief Judge.
Efrain Areizaga appeals two orders entered in a paternity action he brought against Jody Spicer. The first order held Mr. Areizaga in civil contempt for failing to pay one-half of the travel expenses incurred by Ms. Spicer in order to provide Mr. Areizaga visitation with the parties' minor child. This order required Mr. Areizaga to pay the outstanding amounts in three equal monthly installments but did not impose any sanction upon Mr. Areizaga. The second order denied Mr. Areizaga's motion to disqualify the trial judge. We treat the appeal of the first order as a nonfinal appeal of an order determining the right to immediate monetary relief in a family law matter because the order sets a specified amount of money that Mr. Areizaga must pay within three months for visitation expenses related to the child. See Fla. R.App. P. 9.130(a)(3)(C)(iii). We reverse only that portion of the order that held Mr. Areizaga in civil contempt. We treat the appeal of the second order as a petition for writ of prohibition and deny the writ.
Mr. Areizaga brought an action for paternity against Ms. Spicer in April 2000 seeking to establish custody and support for their child. On October 17, 2000, the trial court entered a temporary order granting Mr. Areizaga certain visitation rights with the child. Because the child resides in Texas and is too young to travel alone, the order required the parties to share equally the significant expenses associated with each visitation. In September 2001, Ms. Spicer filed a motion for contempt, alleging that Mr. Areizaga had failed to reimburse her one-half of the visitation expenses for the months of January, May, and July 2001. This matter was set for hearing on November 1, 2001, along with a motion filed by Mr. Areizaga seeking to hold Ms. Spicer in contempt.[1]
At the hearing, Ms. Spicer presented documentation of the expenses she incurred for the purposes of visitation. She admitted, however, that she had not provided Mr. Areizaga this documentation or communicated with him directly to seek reimbursement of these expenses prior to the filing of her motion for contempt.
The trial court entered an order on November 19, 2001, finding Mr. Areizaga in contempt, setting forth the amount he owed Ms. Spicer for visitation expenses and requiring him to pay that amount in three equal monthly installments. The trial court did not impose any other sanctions.
We reverse that part of the order that indicated Mr. Areizaga was in contempt of court for his failure to pay the travel expenses. The temporary support order was not clear and definite enough to support a finding of contempt. See Thompson v. Plowmaker, 681 So.2d 727 (Fla. 2d DCA 1996). Moreover, because Ms. Spicer never provided documentation to Mr. Areizaga and never formally requested payment prior to filing her motion for contempt, there was no evidence Mr. Areizaga's failure to pay the amounts due was willful.
We affirm the order in all other respects, however. There was competent, substantial evidence to support the trial court's findings as to the travel expenses incurred by Ms. Spicer for visitation, and the trial court did not abuse its discretion by requiring payment of those amounts in three equal monthly installments.
Shortly after the hearing on the motion for contempt, Mr. Areizaga filed a *496 pro se motion to disqualify the trial judge. The trial court denied the motion to disqualify, finding the motion was legally insufficient. We treat Mr. Areizaga's appeal of this order as a petition for writ of prohibition, see Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981), and deny the petition. The thirteen paragraphs of allegations in support of the motion to disqualify the judge related solely to adverse rulings made in regard to the motions for contempt. A trial court's prior adverse rulings are not legally sufficient grounds upon which to base a motion to disqualify. See Hastings v. State, 788 So.2d 342, 342 (Fla. 5th DCA 2001).
The order of contempt dated November 19, 2001, is affirmed in part, reversed in part, and remanded to the trial court to strike those portions of the order finding Mr. Areizaga in contempt of court.
The petition for writ of prohibition is denied.
STRINGER and DAVIS, JJ., Concur.
NOTES
[1] Ms. Spicer has not cross-appealed or otherwise challenged the provisions in the order on appeal relating to Mr. Areizaga's motion for contempt.