NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


KENNETH P. GERBER,          )
                           )
                           )
        Appellant,        )
                           )
v.                     )     Case No. 2D14-1059
                           )
MARIA GERBER,            )
                           )
                           )
        Appellee.        )
_____)

Opinion filed November 14, 2014.

Appeal pursuant to Fla. R. App. 9.130 from
the Circuit Court for Sarasota County;
Robert W. McDonald, Jr., Judge.

Kenneth P. Gerber, pro se.

Susan J. Silverman, Sarasota; and Crystal C.
Roland of Law Office of Crystal C. Roland,
P.A., Miami, for Appellee.



BLACK, Judge.

            Kenneth Gerber (Former Husband) challenges the trial court's order

approving the magistrate's report and recommended order and the trial court's order

denying his motion to vacate. Although clarification of the partial settlement agreement regarding objections to and reimbursement of the children's medical expenses was appropriate, we conclude that the order of civil contempt was premature. Further, since the magistrate's finding concerning the amount owed by the Former Husband for the medical expenses is not supported by competent, substantial evidence, it was approved by the trial court in error. The Former Husband's final assertion that he lacked adequate notice of the issues to be addressed at the hearing is without merit.

In May 2011, Maria Gerber (Former Wife) and the Former Husband entered into a partial settlement agreement (PSA). The PSA was ratified by the partial final judgment of dissolution entered in June 2011, and it provides in pertinent part that "[t]he parties shall equally (50%/50%) pay any reasonable and necessary medical . . . expenses" and that "[e]ach [party] shall pay directly or reimburse the other their portion of said expenses or object to same . . . within fifteen (15) days of the receipt of such notice." In February 2013, the trial court entered a second partial final judgment related to the long distance parenting plan. Pursuant thereto, the Former Wife was awarded sole decision-making authority over all medical decisions related to the children. A few months later in June 2013, the Former Wife filed a motion for civil contempt and enforcement due to the Former Husband's failure to pay his share of the children's medical expenses. In support of her motion, the Former Wife also presented her interpretation of the procedure for objections to medical expenses.

Following a hearing on the Former Wife's motion, the magistrate issued a report and recommended order acknowledging that the Former Wife's request for clarification of the PSA was necessary because "the procedure for objections as to the

necessity and reasonableness of the medical treatment is not specifically enumerated." The magistrate agreed with the Former Wife's interpretation that "if the Former Husband objects to any such expenses, he still must pay within the time frame, and thereafter, it is his burden to obtain an Order requiring the Former Wife to re-pay him" provided the Former Husband presented "valid, competent evidence [that] the medical expenditure is unnecessary or unreasonable." The Former Husband asserts that the trial court effectively modified the PSA and partial final judgment of dissolution pursuant to its order approving and adopting the magistrate's recommended order. We disagree. The Former Wife did not receive a new benefit but merely a more precisely enumerated method of recovering the Former Husband's portion of the children's medical expenses. See Roque v. Paskow, 812 So. 2d 500, 503 (Fla. 4th DCA 2002) (holding that "[a] modification seeks to change the status quo and seeks a new benefit for one party" while "a clarification does not seek to change rights and obligations but to make a judgment more clear and precise"). Clarification of the PSA was appropriate because the PSA did not specifically enumerate the procedure for objections. See Thompson v. Plowmaker, 681 So. 2d 727, 727-28 (Fla. 2d DCA 1996); Crespo v. Crespo, 28 So. 3d 125, 128 (Fla. 4th DCA 2010); Fussell v. Fussell, 778 So. 2d 517, 518-19 (Fla. 1st DCA 2001). Accordingly, we affirm the trial court's order as to the clarification of the PSA.

The Former Husband, a licensed attorney who practiced in Florida for approximately fourteen years before relocating to Arizona, interpreted the PSA to require him only to object within the fifteen-day window and nothing further. The Former Husband took full advantage of this interpretation, testifying at the hearing that despite his numerous objections to medical expenditures, he never once consulted with the

children's medical professionals or had other qualified professionals review the medical records. Instead, he disagreed with the nature of the procedure or the manner in which it was carried out or was otherwise simply unwilling to pay. Not surprisingly, the trial court found the Former Husband's interpretation to be unreasonable. The trial court also expressed its displeasure with the Former Husband's conduct in these proceedings, stressing that the Former Husband's actions created frivolous and unnecessary litigation and delayed the payment of money to the Former Wife for the benefit of the children. We agree.

Despite the Former Husband's reproachable conduct, however, we are constrained to hold that the finding of civil contempt is premature because the PSA is not sufficiently clear in its directive regarding objections to medical expenditures. See Thompson, 681 So. 2d at 728 ("An order that is indefinite or ambiguous may not be enforced by contempt." (citing Loury v. Loury, 431 So. 2d 701 (Fla. 2d DCA 1983))). We must also reverse the orders to the extent that the Former Husband was required to reimburse the Former Wife $851.37 for the children's medical expenses because this finding was not supported by competent, substantial evidence. It appears the magistrate relied on the medical records and receipts attached to the Former Wife's motion as support of this finding. However, "[d]ocuments attached as exhibits to a motion are not evidence." Waliagha v. Kaiser, 989 So. 2d 660, 661 (Fla. 2d DCA 2008). These exhibits were not admitted into evidence at the hearing, and none of the testimony elicited at the hearing constituted competent, substantial evidence of the amount owed by the Former Husband to the Former Wife for his share of the children's medical expenses. Though we agree with the Former Husband that the trial court erred

in accepting the magistrate's finding regarding the amount owed, we do not agree that the Former Wife carries the burden of establishing that the expenses are reasonable and necessary. As clarified by the trial court in adopting the magistrate's recommended order, it is the Former Husband's burden to demonstrate by competent, substantial evidence that the medical expenses are unreasonable and unnecessary.

Accordingly, we reverse the trial court's orders to the extent that the Former Husband was found to be in civil contempt. Though premature at this time, if the Former Husband fails to comply with the court's orders going forward his conduct may support a future contempt proceeding. We also reverse as to the amount the Former Husband was ordered to pay the Former Wife for his share of the children's medical expenses and remand for further proceedings.

Affirmed in part; reversed in part; remanded.

SILBERMAN and WALLACE, JJ., Concur.