STONE, Chief Judge.
We reverse a judgment in favor of the insured because the trial court improperly denied State Farm’s request for a brief recess to address an issue raised by the trial court sua sponte. The principal issue at trial was whether the insured was bound by a prior rejection of an option to stack uninsured motorist coverage.
The court directed a verdict in favor of the insured’s estate based on the court’s concern that State Farm had failed to demonstrate compliance with the filing provisions of section 627.727(9)(e), Florida Statutes (1995), which provides:
*157 In connection -with the offer authorized by this subsection [for non-stacking policies], insurers shall inform the named insured, ... on a form approved ... that such coverage is an alternative.... If this form is signed by a named insured, ... it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations.... Any insurer who provides coverage which includes the limitations provided in this subsection shall file revised premium rates with the department for such uninsured motorist coverage to take effect prior to initially providing such coverage. The revised rates shall reflect the anticipated reduction in loss costs attributable to such limitations but shall in any event reflect a reduction in the uninsured motorist coverage premium of at least 20 percent for policies with such limitations.
(emphasis added)
It is undisputed that State Farm’s compliance with section 627.727(9) was not an issue in this case until raised by the trial court, sua sponte, before it entered the directed verdict.
The trial court first stated that there had been:
[N]o evidence that any notice, any reduction has been proved in this case. State Farm did it across the State at some point in time. I mean I have no way of knowing when or if State Farm has ever reduced its underwriting premiums based on non-stacking coverage to the extent of 20 percent as required by the Statute at any time. I have no proof of that.
In response, State Farm requested a 24-hour recess to bring in a witness with sufficient knowledge to testify as to statutory compliance. In directing the verdict, the court said:
[I]n order for the [insurance] statute to be effective and to permit the insurance company, State Farm, to ... reduce the coverage from Stacking to Nonstacking Coverage, it must [reduce] these premiums not only to the Carrs but also have proof that they have — there has been at least a 20 percent reduction in premiums filed with the Insurance Commissioner. I find that an important point in fact the premiums were not reduced, the fact they continued to be the same premiums on two of the vehicles.... And there is no proof that there has been a reduction of the premium as required so I’m going to find that as a Directed Verdict.
As State Farm had no notice that this was an issue in the case, it is not surprising that it was unprepared to introduce proof that it had complied with the statute by making the required filings. Because the trial court also made some ambiguous comments implying that the statute required the insurance company to file a form with the Department of Insurance each time it issued a policy, we add that such is not required by the statute. We further note that the trial court could not have based its directed verdict on the ground that State Farm was estopped from denying coverage by its acceptance of premiums because there was no evidence of reliance by the insured, an element of estoppel. See Allstate Ins. Co. v. Pierce, 597 So.2d 388, 389 (Fla. 5th DCA 1992)(“An estoppel can only be invoked against an insurer when its conduct has been such as to induce actions in reliance upon it.”)
Therefore, we reverse and remand for a new trial.
DELL and STEVENSON, JJ., concur.