763 So.2d 1197 (2000)
TOPP TELECOM, INC.; Topp Comm, Inc.; and Frederick J. Pollak, Petitioners,
v.
B. Martin ATKINS, Respondent.
No. 4D99-3570.
District Court of Appeal of Florida, Fourth District.
February 2, 2000.
*1198 Peter W. Homer, Lorelei J. Van Wey, and Marc A. Wites of Homer, Bonner & Delgado, P.A., Miami, for petitioners.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, L.L.P., West Palm Beach, for respondent.
FARMER, J.
This petition for certiorari review of a pretrial order relating to discovery presents an issue to which we devote considerable attention because we see it often, although we almost always deny review. The petitioners ask us to quash an order overruling their objections to discovery on the grounds that the discovery request is overly broad and oppressive, that the burden of complying would be substantial, and that the court should have ordered prepayment of costs.[1] In denying review, we take the time to explain our quite limited review powers as to such orders.
This is a business dispute. Plaintiff is an executive employee of one defendant. He sued his employer and a related entity, as well as the chief executive officer thereof, alleging that the planned acquisition of another business was being handled in such a way as to deprive him of certain contractual benefits. A few weeks after filing his complaint, he served defendants with discovery requests. After waiting the full 30 days to respond, and without actually supplying the information or documents requested, defendants filed objections in which they claimed that the requests were "overreaching, overbroad and unduly burdensome,"[2] and that some of the requests sought privileged or proprietary information. Defendants offered to supply the information only if plaintiff would sign a confidentiality agreement.
The issue was presented at a motion calendar hearing called by plaintiff to determine the sufficiency of the objections. Defendants did not support their objections at that hearing with an affidavit as to the difficulties and expected cost of compliance *1199 with the requests.[3] The trial judge heard argument and overruled the objections. His order required production of the unprivileged documents by a date certain and further ordered a privilege log as to those documents that defendants claimed were privileged.
Later, defendants filed a motion for a stay of the discovery pending review and this time they did file an affidavit in support. The affidavit estimated that the requests covered several hundred thousand documents kept in three separate locations. The affidavit stated that the electronic retrieval of some documents would require more than 2½ months of computer time and that most of the requested documents contained "confidential, privileged and proprietary business information."
The trial judge granted the motion for a stay. The order requires the defendants to compile the requested documents and submit them to the court under seal. Defendants seek certiorari to review both orders.
At the initial hearing on the objections, the trial judge was faced with a claim of undue burden in responding to discovery requests. Yet there was no evidence in the record to support the objectors' claim of unwarranted discovery. There is obviously no error in overruling this kind of objection when it is not supported by record evidence, such as an affidavit detailing the basis for claiming that the onus of supplying the information or documents is inordinate. See Allstate Ins. Co. v. Boecher, 733 So.2d 993, 994 (Fla. 1999) (noting the lack of "affidavits, depositions or other sworn testimony in the record to support Allstate's claims of undue burden.").[4]
Even more important in this kind of certiorari proceeding is the fundamental issue as to whether there is any showing of irreparable harm and thus a lack of appellate remedies for these orders. See Martin-Johnson Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987); and Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). If a trial judge has no record factual basisapart from a mere claim or contention of undue burdento conclude that requested discovery is oppressively excessive, there can be no error and therefore no necessity for any immediate appellate remedy.
If on the other hand there had been evidence in the record on the question of excessive and burdensome discovery requests, and a judge nevertheless ordered the discovery to be produced, there are two possibilities. The first is that the evidence on the nature of the burden and expense is controverted. A trial judge's resolution of contested evidence cannot be addressed on this kind of common law certiorari, which is available only to ascertain whether the trial court has departed from the essential requirements of law, thereby causing harm irremediable by final appeal. State Beverage Dept. v. Willis, 159 Fla. 698, 32 So.2d 580, 583 (1947) (on certiorari court will not ordinarily review conflicting testimony but only such lack of evidence as results in injury sufficient to amount to a departure from the essential requirements of law); London Guarantee & Acc. Co. v. I.C. Helmly Furn. Co., 153 Fla. 453, 14 So.2d 848 (1943) (on common law certiorari appellate court will not review disputes and conflicts in the evidence).
Assuming that the objector's evidence in support of the claim of undue burden were legally sufficient and uncontradicted, it is difficult to understand how, even if the order is erroneous, it would rise to the level of irreparable harm. We stress that in this case we deal with a *1200 claim that requested discovery is burdensome and unduly onerous. We distinguish the kind of claim made here with an objection contending that the requested discovery would effectually ruin the objector's business. The kind of discovery involved here would simply require unwarranted effort and expense to comply with the request but that burden, though claimed to be inordinate would not cast the recipient into financial ruin. It seems clear to us that the mere fact of unwarranted effort and expense is not, by itself, synonymous with a "departure from the essential requirements of law" [e.s.] for which immediate review is necessary.
Recently in Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999), the court affirmed that "Martin-Johnson properly sets forth the [requirements] for certiorari relief in pretrial discovery." In Martin-Johnson the court emphasized that:
"common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders. Generally, all other appellate review is postponed until the matter is concluded in the trial court."
509 So.2d at 1098. The court quoted from the advisory committee's note on the non-final appeal rule that:
"[I]t is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that since the most urgent interlocutory orders are appealable under this rule, there will be very few cases where common law certiorari will provide relief."
509 So.2d at 1099. The Martin-Johnson court further explained:
"Litigation of a non-issue will always be inconvenient and entail considerable expense of time and money for all parties in the case. The authorities are clear that this type of harm is not sufficient to permit certiorari review. [c.o.] Moreover, if we permitted review at this stage, appellate courts would be inundated by petitions ... and trial court proceedings would be unduly interrupted. Even when the order departs from the essential requirements of the law, there are strong reasons militating against certiorari review. For example, the party injured by the erroneous interlocutory order may eventually win the case, mooting the issue, or the order may appear less erroneous or less harmful in light of the development of the case after the order."
509 So.2d at 1100.
These statements have especial application to discovery orders rejecting claims of undue but non-ruinous burden. Whether a discovery burden is undue or excessive is usually a function of economics. While we do not denigrate the idea of economic concerns, especially in the world of business and commerce where economic success is the very purpose, we merely stress that most economic concerns as to the cost of litigation procedures do not rise to the level required by Martin-Johnson.
They do not involve the essential requirements of law. They do not involve a "violation of clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla.1983). The fact that a party may be forced to furnish discovery when the cost to do so is deemed inordinate does not involve a failure "to afford procedural due process" and "whether the circuit court applied the correct law." Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995). An erroneous order compelling discovery when the cost and effort to do so is burdensome but not destructive is simply not "sufficiently egregious or fundamental to merit the extra review and safeguard provided by certiorari." Haines City, 658 So.2d at 531.[5] As *1201 important as economic concerns and business disruption are to commercial parties, they are not elementary in the way contemplated by Martin-Johnson.
PETITION DISMISSED.
GROSS, J., concurs.
STONE, J., specially concurs with opinion.
STONE, J., concurring specially.
I concur in the majority opinion except as to its conclusion that unless the order puts the petitioner out of business, certiorari is never available to address a discovery order that imposes an undue burden, regardless of how clearly demonstrated in the record. In my judgment, certiorari relief is available where the record is clear that an order is so overbroad or burdensome as to impose substantial and irreparable harm, although such is not the case here for the reasons set forth in the majority opinion.
NOTES
[1] There was also an objection that some documents requested are privileged, but the trial court has ordered a privilege log as to such documents and directed that they be produced under seal, apparently for in camera inspection to ascertain the validity of the claim of privilege. To the extent that the petition seeks review of that aspect of the order it is clearly premature.
[2] Defendants also asserted that much of the requested discovery was irrelevant. In their petition for certiorari, they acknowledge that our decision in Wal-Mart Stores v. Cumming, 736 So.2d 1248 (Fla. 4th DCA 1999), bars certiorari review when the issue is bare irrelevancy but argue that this case involves much more.
[3] Judges rarely hear testimony at motion calendar hearings; indeed the very purpose of this kind of hearing is usually to decide interim procedural issues without testimony.
[4] Similarly, if the objector's evidence was itself facially insufficient, the same result would follow.
[5] Of course the mere fact that a trial judge has allowed burdensome discovery to proceed does not forestall later reallocation of the costs incurred when the prevailing party seeks to tax costs at the end of the case. In taxing costs, the trial judge has considerable discretion and it is certainly within such discretion to determine at the end of the case that overly burdensome discovery requests by the losing party should be compensated to some extent by allowing specific requests for costs incurred thereby. It will be at this stage that the parties can have full review of the issues dealing with the allocation of those costs.