838 So.2d 1240 (2003)
FLORIDA POWER & LIGHT COMPANY, FPL Group, Inc., FPL Fibernet, LLC, FPL Group Capital, Inc., and FPL Investments, Inc., Petitioners,
v.
J.W. THOMAS, Ernestine M. Thomas, Chester Jenkins, Marie Jenkins, and Ray Norman and Jack Teague, Co-Personal Representatives of the Estate of Robert L. Johns, et al., Respondents.
No. 1D02-3277.
District Court of Appeal of Florida, First District.
March 10, 2003.
Gary K. Harris and Cynthia M. Moore of Boies, Schiller & Flexner LLP, Orlando; M. Blair Payne of Darby, Peele, Bowdoin, Payne & Kennon, Lake City, for Petitioners.
Jon C. Moyle, Jr., Cathy M. Sellers and William H. Hollimon of Moyle, Flanigan, Katz, Raymond & Sheehan, P.A., Tallahassee; Guyte P. McCord, III, of McCord, Bubsey, Ketchum & Donahue, LLP, Tallahassee; James W. Prevatt, Jr., of Sellers & Prevatt, Live Oak, for Respondents.
PER CURIAM.
Petitioners seek review, by a petition for common law certiorari, of a trial court order denying their motion for a protective order bifurcating class certification discovery from merits discovery, and staying merits discovery. Because they have failed to carry their burden of demonstrating that the order will result in irreparable injury, we dismiss the petition for lack of jurisdiction. See Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996) (en banc) (holding that irreparable injury is a jurisdictional prerequisite to certiorari review); Topp Telecom, Inc. v. Atkins, 763 So.2d 1197 (Fla. 4th DCA 2000) (holding that parties seeking a protective order on the ground that the discovery requested would be unduly burdensome bear the burden of presenting evidence in the trial court to support that position).
PETITION FOR WRIT OF CERTIORARI DISMISSED.
BOOTH, WEBSTER and LEWIS, JJ., concur.