989 So.2d 660 (2008)
Mohamad Amjad WALIAGHA, Appellant,
v.
Katrina KAISER, Appellee.
No. 2D06-5374.
District Court of Appeal of Florida, Second District.
July 16, 2008.
John D. Hawkins and Sacha Ross of Grimes Goebel Grimes Hawkins Gladfelter & Galvano, P.A., Bradenton, for Appellant.
Katrina Kaiser, pro se.
KELLY, Judge.
Mohamad Amjad Waliagha, the former husband in this postdissolution action, appeals from the order denying his motion for relief from an ex parte order that prohibits him from traveling outside of the United States with his minor children[1] and denies his motion to enforce the terms of the marital settlement agreement. We reverse.
*661 The former husband made plans to travel with his children to Syria and Italy. When he tried to obtain passports for the children, his former wife, Katrina Kaiser, refused her consent. She claimed that because her former husband and their children are dual citizens of Syria and the United States, she feared that the former husband would not return the children to this country. The former husband, relying on a provision in the parties' marital settlement agreement that states, "[b]oth Husband and Wife may leave the country with the Children for scheduled custodial periods," sought an order requiring the former wife to complete the paperwork necessary to obtain passports for the children. This prompted the former wife to seek an injunction to prevent the children from traveling outside the United States. In her sworn motion, the former wife cited the worsening political situation in Syria and her fear that her former husband would not return the children. In support of her motion, she attached a United States Department of State Consular Information Sheet on Syria. Based on this information, the trial court entered an ex parte order that prevented the former husband from taking the children outside the Twelfth Judicial Circuit.
The former husband moved to set aside the ex parte order and sought enforcement of the provision of the marital settlement agreement that allowed him to travel outside the country with the children. After an evidentiary hearing, the trial court modified its earlier order to allow travel within the United States, but it refused to allow travel outside the United States. The court concluded that it could refuse to enforce the parties' marital settlement agreement because it was not in the best interests of the children to allow them to travel to Syria. In reaching its decision to restrict travel, the court relied on the Consular Information Sheet attached to the former wife's ex parte motion and on a State Department Travel Warning that was a product of the trial court's independent research. Neither document had been offered into evidence at the hearing on the former husband's motions.
The former husband argues that the trial court erred in relying on facts gleaned from documents that were not evidence to support its refusal to enforce the marital settlement agreement. We agree. Documents attached as exhibits to a motion are not evidence. Eight Hundred, Inc. v. Fla. Dept. of Revenue, 837 So.2d 574 (Fla. 1st DCA 2003). Moreover, because the former husband had no notice of the Travel Warning and no opportunity to respond, he was denied due process. See Barbado v. Green & Murphy, P.A., 758 So.2d 1173 (Fla. 4th DCA 2000) (reversing where the trial court had conducted independent research in reaching its decision); State Farm Mut. Auto. Ins. Co. v. Carr, 700 So.2d 156 (Fla. 4th DCA 1997) (reversing a judgment in favor of the insured because the trial court improperly denied State Farm's request for a brief recess to address an issue raised by the trial court sua sponte). Accordingly, we reverse the order denying the former husband's motion to enforce the martial settlement agreement and remand for further proceedings.
Reversed and remanded.
STRINGER and SILBERMAN, JJ., Concur.
NOTES
[1] This issue has become moot as to the parties' oldest son, who is no longer a minor as of May 30, 2008.