987 So.2d 231 (2008)
COMMUNITIES FINANCE COMPANY, LLC and WCI Communities, Inc., Petitioners,
v.
Paul BJORK and Rana Khaled, Respondents.
No. 4D08-1635.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
*232 Joseph Ianno, Jr. and Thomas E. Warner of Carlton Fields, P.A., West Palm Beach, for petitioners.
No appearance for respondents.
PER CURIAM.
The above styled petition for writ of certiorari is hereby dismissed for failure to establish any irreparable harm that cannot be remedied on direct appeal. Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996); Topp Telecom, Inc. v. Atkins, 763 So.2d 1197 (Fla. 4th DCA 2000).
FARMER and STEVENSON, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., specially concurring.
Although I agree with the dismissal of this petition for certiorari, I am writing to explain my disagreement with a case cited by the majority, Topp Telecom, Inc. v. Atkins, 763 So.2d 1197 (Fla. 4th DCA 2000). In Topp a panel of this court dismissed a petition seeking review of a discovery order as being overbroad and unduly burdensome, because defendants did not support their objections with an affidavit as to the difficulties or expected costs of complying with the requests. In the remainder of the opinion, which is dicta, and the part I disagree with, the court went on to state that discovery which is burdensome and unduly onerous does not warrant certiorari review unless it "would effectually ruin the objector's business." Id. at 1200. The opinion uses the words "financial ruin" and similar language throughout the remainder of the opinion. Judge Stone wrote a specially concurring opinion explaining:
I concur in the majority opinion except as to its conclusion that unless the order puts the petitioner out of business, certiorari is never available to address a discovery order that imposes an undue burden, regardless of how clearly demonstrated in the record. In my judgment, certiorari relief is available where the record is clear that an order is so overbroad or burdensome as to impose substantial and irreparable harm, although such is not the case here for the reasons set forth in the majority opinion.
Topp, 763 So.2d at 1201.
I agree with Judge Stone and would add that the financial ruin dicta in Topp is contrary to the opinion of the Florida Supreme Court in Elkins v. Syken, 672 So.2d 517, 522 (Fla.1996), which addressed unnecessary and overly burdensome discovery, and explained:
Discovery was never intended to be used as a tactical tool to harass an adversary in a manner that actually chills the availability of information by non-party witnesses; nor was it intended to make the discovery process so expensive that it could effectively deny access to information and witnesses or force parties to resolve their disputes unjustly. To allow discovery that is overly burdensome and that harasses, embarrasses, and annoys one's adversary would lead to a lack of public confidence in the credibility of the civil court process.
In this case the discovery was not unduly burdensome or overbroad under any standard, because the trial court was careful to limit it. It is for that reason, and not for the reason that the discovery fails to meet the "financial ruin" standard, that I am agreeing to dismiss the petition.