PER CURIAM.
The petition for writ of certiorari seeking to quash an order compelling production of pre-class certification discovery is denied. As to petitioner’s claim that the discovery disclosed personal financial information of third parties entitled to constitutional privacy protection, we conclude that the petitioner has not met the three-part test of Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936 (Fla. *471 2002).[1] As to petitioner’s claim that the discovery is burdensome, our supreme court has made it clear that overbreadth and the burdensomeness of the cost and effort to produce discovery is not a ground for certiorari relief except in extreme cases where the effort would be financially ruinous to the producing party. See Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So.3d 450 (Fla.2012). The court cited with approval Topp Telecom, Inc. v. Atkins, 763 So.2d 1197, 1200 (Fla. 4th DCA 2000), for the proposition that “It seems clear to us that the mere fact of unwarranted effort and expense is not, by itself, synonymous-with a ‘departure from the essential requirements of law’ [e.s.] for which immediate review is necessary.” Id. We are constrained by these precedents to deny the petition. While it concerns us that burdensome discovery in litigation[2] impacts the entire justice system and can be wasteful of both economic and judicial assets, it is apparent that any relief from this situation must be crafted through amended rules of civil procedure or statutes.

Petition denied.

WARNER, DAMOORGIAN and LEVINE, JJ., concur.

. Moreover, the court entered a confidentiality order as to the documents produced.

. In this case, the defense claimed that production of the forms demanded could not be accomplished by a computer sort. Each of the nearly 70,000 computer files had to be reviewed individually to produce the forms requested, requiring nearly six months of work.