# Third District Court of Appeal

## State of Florida

Opinion filed October 4, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-282
Consolidated: 3D17-273
Lower Tribunal No. 14-29542
_____


**Walgreen Co. and Holiday CVS, LLC,**
Petitioners,

vs.

**Jonathan L. Rubin,**
Respondent.



On Petitions for Writs of Certiorari from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Hinshaw & Culbertson, LLP, and James H. Wyman, for petitioner Walgreen Co.

Fowler White Burnett P.A., and Marc J. Schleier and Christopher E. Knight, for petitioner Holiday CVS, LLC.

Goldberg & Rosen, P.A., and Brett M. Rosen and Mustafa H. Dandashly, for respondent.

Before LAGOA, SCALES, and LUCK, JJ.

LAGOA, J.

In this wrongful death suit, the defendants below, Walgreen Co. ("Walgreens") and Holiday CVS, LLC ("CVS"), petition this Court for writs of certiorari, seeking to quash the trial court's order denying their requests to shift to the plaintiff the defendants' cost of reviewing documents responsive to the plaintiff's request for production.[1] Because neither petitioner has met the threshold jurisdictional requirement that the trial court's order creates irreparable harm, we dismiss the petitions for lack of jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Respondent, the plaintiff below, Jonathan L. Rubin ("Rubin"), as the personal representative of the Estate of Sharon R. Rubin, brought suit against Walgreens and CVS alleging that Ms. Rubin died of multiple-drug toxicity due to the alleged negligence of the pharmacies in dispensing prescription medications. The first amended complaint alleged that in the three years or so leading up to Ms. Rubin's death, Walgreens filled approximately 275 different prescriptions issued by eighteen different physicians and CVS filled approximately 95 different prescriptions issued by ten different physicians. Many of the prescriptions at issue in the complaint appear to be narcotics.

---

[1] For appellate purposes, the Court consolidates case numbers 17-282 and 17-273 as they involve the same trial court order.

2

Shortly after filing suit, Rubin propounded document requests on Walgreens requesting the "personnel files of all persons actually working in the pharmacies of the Walgreens Pharmacy where the prescriptions were filled at the time of the fills at issue in this lawsuit." Rubin propounded a similar document request on CVS.

Walgreens moved to have Rubin bear the costs of its counsel reviewing and redacting financial and health information from the personnel files of the forty-five pharmacists it had identified. CVS moved to have Rubin make appropriate arrangement for payment, in advance, for unspecified costs associated with assembling the personnel files of the eighteen pharmacists it had identified. Rubin, while not objecting to that information being redacted, opposed the attempt to shift the cost of reviewing and redacting the files and cross-moved to compel production.

In support of its motion, Walgreens submitted to the trial court the unsworn statement of its in-house paralegal stating that it would take Walgreens employees 283 hours to pull and prep the 45 files at an average hourly pay of $20.34, and that it would take 90 hours for a junior associate from outside counsel to review and redact the files at an hourly rate of $175. Walgreens asserted that it would cost over $21,000 to produce the documents. In contrast, CVS did not provide a cost estimate or any other information regarding time needed to compile the responsive documents, in support of its motion.

The trial court granted Rubin's motion to compel, directed Walgreens and CVS to produce the files for an *in camera* inspection to address ancillary privacy issues not relevant here, and declined to have Rubin, at that time, bear the fees and costs of production. Walgreens and CVS separately and timely petitioned for writs of certiorari.

## II.   ANALYSIS

The requirements for a writ of certiorari are familiar:

> A writ of certiorari is an extraordinary type of relief that is granted in very limited circumstances. To be entitled to certiorari, the petitioner is required to establish the following three elements: (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal. The last two elements, often referred to as "irreparable harm," are jurisdictional. If a petition fails to make a threshold showing of irreparable harm, this Court will dismiss the petition.

Coral Gables Chiropractic PLLC v. United Auto. Ins. Co., 199 So. 3d 292, 294 (Fla. 3d DCA 2016), reh'g denied (Aug. 17, 2016) (citations and internal quotations marks omitted) (quoting Rousso v. Hannon, 146 So. 3d 66, 69 (Fla. 3d DCA 2014); Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011); Nucci v. Target Corp., 162 So. 3d 146, 151 (Fla. 4th DCA 2015)). As discussed below, petitioners failed to satisfy their burden of establishing irreparable harm.

We first note that the trial court correctly disregarded the unsworn statement from Walgreens's paralegal, as an unsworn statement does not constitute evidence.

4

Topp Telecom, Inc. v. Atkins, 763 So. 2d 1197, 1199 (Fla. 4th DCA 2000) ("There is obviously no error in overruling this kind of objection when it is not supported by record evidence, such as an affidavit detailing the basis for claiming that the onus of supplying the information or documents is inordinate." (citing Allstate Ins. Co. v. Boecher, 733 So. 2d 993, 994 (Fla. 1999))); cf. State ex rel. Hawkins v. Bd. of Control, 53 So. 2d 116, 118–19 (Fla. 1951) ("[M]otion is not in and of itself proof of the averments therein contained."); Waliagha v. Kaiser, 989 So. 2d 660, 661 (Fla. 2d DCA 2008) ("Documents attached as exhibits to a motion are not evidence."); Eight Hundred, Inc. v. Fla. Dep't of Revenue, 837 So. 2d 574, 576 (Fla. 1st DCA 2003) ("Representations by an attorney for one of the parties regarding the facts, and documents attached as exhibits to a motion, do not constitute evidence."); Viking Superior Corp. v. W.T. Grant Co., 212 So. 2d 331, 334 (Fla. 1st DCA 1968) ("It appears to be the settled law of this state that unless a motion is grounded on facts that are either apparent from the face of the record or papers filed in the case, or within the judicial knowledge of the court, it must be supported by affidavits or other proofs."). The record therefore does not contain evidence supporting Walgreens' position and is insufficient to establish irreparable harm.

Even if the unsworn statement constituted evidence which could be properly considered by the trial court or this Court, the record still fails to establish

irreparable harm to Walgreens in order to obtain certiorari jurisdiction.[2] Florida's courts are consistent in holding that undue burden or expense arising from a discovery order does not constitute irreparable harm. Allstate Ins. Co. v. Hodges, 855 So. 2d 636, 639–40 (Fla. 2d DCA 2003) ("Most economic concerns regarding the cost of litigation do not involve the essential requirements of the law or a violation of a clearly established principle of law  resulting in a miscarriage of justice."); Topp Telecom, 763 So. 2d at 1200 (citing Haines City Cmty. Dev., 658 So. 2d 523, 530-31 (Fla. 1995)) ("The fact that a party may be forced to furnish discovery when the cost to do so is deemed inordinate does not involve a failure 'to afford procedural due process' and 'whether the circuit court applied the correct law.' An erroneous order compelling discovery when the cost and effort to do so is burdensome but not destructive is simply not 'sufficiently egregious or fundamental to merit the extra review and safeguard provided by certiorari.'"); cf. Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1100 (Fla. 1987) ("Litigation of a non-issue will always be inconvenient and entail considerable expense of time and money for all parties in the case.  The authorities are clear that this type of harm is not sufficient to permit certiorari review.").  The usual remedy available to a party that has incurred burdensome discovery costs is to recoup them through

---

[2]  A fortiori, CVS, which failed to present any evidence or even an unsworn statement to the trial court regarding its burden, failed to establish irreparable harm.

taxation of costs, not via certiorari. See Topp Telecom, 763 So. 2d at 1201 n.5. ("Of course the mere fact that a trial judge has allowed burdensome discovery to proceed does not forestall later reallocation of the costs incurred when the prevailing party seeks to tax costs at the end of the case.").[3]

Walgreens relies on the recent Florida Supreme Court opinion, Worley v. Central Florida Young Men's Christian Association, Inc., 42 Fla. L. Weekly S443 (Fla. Apr. 13, 2017), *timely mtn. for reh'g filed* (Apr. 28, 2017), to support its arguments that: (1) the trial court's order causes irreparable harm, and (2) the "financial ruin test" of Topp Telecom and its progeny is no longer the test for certiorari review of discovery orders. Walgreens's arguments fail, and we address each one separately.

With respect to the first argument, the facts of Worley are distinguishable from the facts of this instant case. In Worley, the Supreme Court found as unduly burdensome a discovery order in a routine slip-and-fall case which would have imposed over $90,000 in costs while the damages sought totaled $66,000. Id. at S446 ("[W]e find that 200 hours and over $90,000 in costs to discover the

---

[3] Walgreens and CVS argue that even if they prevail against Rubin, they would be unable to recover document production costs under the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. Those Guidelines are advisory, and the petitioners have not cited to any cases holding that the Guidelines would preclude recovery. Based on the record before this Court, Walgreens and CVS's legitimate complaints about the costs of discovery do not establish certiorari jurisdiction.

7

collateral issue of bias in a case where the damages sought total $66,000 is unduly burdensome.") (emphasis added).[4] Moreover, unlike in Worley, the instant case is a wrongful death action, and, though no specific demand for damages was made in the complaint, we presume that the damages sought by respondent will be significantly higher than those in Worley. Additionally, the discovery at issue in Worley related to a collateral issue; here, no such argument can be made, as the discovery sought from Walgreens and CVS relates to the question of negligence.

With respect to the second argument raised by Walgreens, Worley did not explicitly overrule the "financial ruin test" or otherwise question its applicability. As such, this Court declines to hold that Worley, explicitly or implicitly, overruled the "financial ruin test" articulated in Topp Telcom.

Based on the proposition that in Florida jurisprudence undue burden or expense normally are insufficient to establish the irreparable harm needed for certiorari jurisdiction, the "financial ruin test" simply refers to an exception to that general rule, i.e., the extraordinary case where the undue burden or expense of discovery are so great as to cause irreparable harm and warrant certiorari jurisdiction.

## III.  CONCLUSION

---

[4] Unlike the instant case, the record in Worley contained sworn affidavits regarding the costs. Id.

8

Because neither petitioner has met the threshold jurisdictional requirement establishing that the trial court's order creates irreparable harm, we dismiss the petitions for lack of jurisdiction.

Petitions dismissed.