# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D25-1721
Lower Tribunal No. 17-16674-FC-04

————————

**Arlene Delgado,**
Petitioner,

vs.

**Jason Miller,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Spencer Multack , Judge.

Arlene Delgado, in proper person.

Sandy T. Fox, P.A., and Sandy T. Fox, for respondent.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

Arlene Delgado seeks certiorari relief from a discovery order granting Jason Miller's motion to compel depositions in a contentious paternity action. The order on review requires Delgado to coordinate the depositions of Delgado and her parents to occur consecutively during the same day. The order also limits the deposition topic to "child-support related issues" and limits the time for each deposition to one hour for Delgado and forty-five minutes for each parent. The order concludes by permitting Miller to unilaterally set the depositions if "the depositions are unable to be coordinated" and appoints a special master, paid for by Miller, to serve as referee.

As a threshold matter, "[a] party seeking certiorari review of a discovery order must show irreparable harm that cannot be remedied on final appeal and a departure from the essential requirements of law." Miramar Marina Corp. v. Garcia, 316 So. 3d 746, 747 n.1 (Fla. 3d DCA 2021). "For us to exercise certiorari jurisdiction and review the challenged order, [the petitioner] must first meet the threshold requirement of showing that the challenged order creates irreparable harm." Oakley Transp. Grp., Inc. v. Shinault, 341 So. 3d 440, 442 (Fla. 3d DCA 2022) (citing Collection, LLC v. Jaguar Land Rover N. Am., LLC, 140 So. 3d 705, 706 (Fla. 3d DCA 2014)).

We first examine the order as it pertains to Delgado's deposition. As an initial matter, Delgado cannot show that the trial court departed from the essential requirements of the law in compelling her follow-up deposition. Delgado argues that the trial court violated Florida Rule of Civil Procedure 1.310(a) in failing to find good cause before compelling her repeated deposition. But neither Florida Rule of Civil Procedure 1.310(a) nor the applicable Florida Family Law Rule of Procedure 12.310(a) supports her contention that a court must find good cause before permitting an additional deposition of a party already deposed.[1] The relevant family law rule of procedure specifies that "any party may take the testimony of any person, including a party, by deposition upon oral examination" and must seek leave of court only under specific circumstances not present here. Fla. Fam. L. R. P. 12.310(a).

We also note that a cursory survey of Florida decisional authority reveals that the burden would be on Delgado to seek a protective order to

---

[1] Florida Rule of Civil Procedure 1.310(a) regulates depositions in civil matters. But the Florida Family Law Rules of Procedure control in family law matters. See Fla. Fam. L. R. P. 12.010(a)(1). And Florida Family Law Rule of Procedure 12.310(a) covers depositions in family law matters. But neither rule contains the language relied upon by Delgado in her petition. Federal Rule of Civil Procedure 30(a)(2)(A)(ii), which wouldn't apply here, does require leave of court where the deponent has already been deposed. Even so, the language differs from the purported language Delgado offers.

bar any repeat deposition. See, e.g., Medina v. Yoder Auto Sales, Inc., 743 So. 2d 621, 623 (Fla. 2d DCA 1999) (noting that "[n]othing in the Florida Rules of Civil Procedure forbids a second discovery deposition" but explaining that a court may grant a protective order "for good cause shown, to protect a party from discovery that would cause annoyance, embarrassment, oppression, or undue burden or expense" (internal quotation omitted)). No motion for a protective order was before the trial court. Delgado therefore cannot show that the trial court's grant of a motion to compel a limited, follow-up deposition, under the circumstances here, violates an essential requirement of law.

Additionally, Delgado fails to show how the order compelling her deposition constitutes irreparable injury. The order on review compels a one-hour follow-up party deposition on child-support related issues in a contentious family law case. Such a limited deposition, even if irrelevant or burdensome, fails to constitute the type of "*carte blanche* irrelevant discovery" that could be "materially injurious" to Delgado, warranting certiorari relief. Greater Miami Expressway Agency v. Miami-Dade Cnty. Expressway Auth., 393 So. 3d 794, 796 (Fla. 3d DCA 2024) (citing Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94–95 (Fla. 1995)); see also Walgreen Co. v. Rubin, 229 So. 3d 418, 421 (Fla. 3d DCA 2017) ("Florida's courts are

4

consistent in holding that undue burden or expense arising from a discovery order does not constitute irreparable harm.").

We next examine the provision of the order on review compelling Delgado to coordinate her parents' depositions, subject to strict time and subject matter limits. The order compels Delgado to find a mutually convenient time for a series of depositions. It does not address a motion to quash a subpoena or a motion for protective order or the like.[2] Such an order neither violates an essential legal principle, causes irreparable harm, nor violates third-party due process rights.

For the reasons explained above, we dismiss the petition.

Petition dismissed.

---

[2] The order explicitly notes that no motion for a protective order is pending. We therefore express no position on the merits of any such motion, should one be filed.