# Third District Court of Appeal

## State of Florida

Opinion filed December 17, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D25-1963
Lower Tribunal No. 25-7909-CA-01

————————————

**Geopath Property Holdings, LLC,**
Petitioner,

vs.

**Diego R. Espinosa,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Mark Ferrer & Hayden and Maia Aron and Ashley Saul, for petitioner.

Block & Scarpa and Michael Kissner, Jr., (Vero Beach), for respondent.

Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Dismissed.  See Universal Handicraft, Inc. v. Cohen, 393 So. 3d 834,

835 (Fla. 3d DCA 2024) ("The petition is dismissed for failure to establish the first, and jurisdictional, requirement for certiorari, namely that the order under review will cause material and irreparable injury that cannot be corrected on appeal."); Walgreen Co. v. Rubin, 229 So. 3d 418, 420–21 (Fla. 3d DCA 2017) ("A writ of certiorari is an extraordinary type of relief that is granted in very limited circumstances. To be entitled to certiorari, the petitioner is required to establish the following three elements: (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal. The last two elements, often referred to as 'irreparable harm,' are jurisdictional. If a petition fails to make a threshold showing of irreparable harm, this Court will dismiss the petition." (quoting Coral Gables Chiropractic PLLC v. United Auto. Ins. Co., 199 So. 3d 292, 294 (Fla. 3d DCA 2016))); Rodriguez v. Miami-Dade Cnty., 117 So. 3d 400, 405 (Fla. 2013) (stating "that the continuation of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm").